**E-Filing**

1 | PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2 | Name ___Gatlin_____Frederick_____

3 |   (Last)          (First)          (Initial)          **FILED**

Prisoner Number _____P-19908_____    JUL 1 8 2007

4 | Institutional Address __California Medical Facility (R-141-L)

5 | POB 2000., Vacaville, CA 95696-2000    RICHARD W. WIEKING
    CLERK, U.S. DISTRICT COURT
    NORTHERN DISTRICT OF CALIFORNIA

6 |

7 | UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF CALIFORNIA

8 | FREDERICK GATLIN

   (Enter the full name of plaintiff in this action.)

9 | vs.                    Case No.    **07    3696**

10 | JAMES TILTON          (To be provided by the clerk of court)

11 | (Secretary) California   PETITION FOR A WRIT **CW**
                             OF HABEAS CORPUS
12 | Department of Corrections

13 | & Rehabilitation         **(PR)**

14 | (Enter the full name of respondent(s) or jailor in this action)

15 |

16 | Read Comments Carefully Before Filling In

17 | When and Where to File

18 | You should file in the Northern District if you were convicted and sentenced in one of these

19 | counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 | San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 | this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 | good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23 | If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 | one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 | District Court for the district in which the state court that convicted and sentenced you is located. If

26 | you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 | your petition will likely be transferred to the district court for the district that includes the institution

28 | where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1    <u>Who to Name as Respondent</u>

2        You must name the person in whose actual custody you are. This usually means the Warden or

3    jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced. These are not proper

5    respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10    A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11        1.  What sentence are you challenging in this petition?

12        (a)    Name and location of court that imposed sentence (for example; Alameda

13        County Superior Court, Oakland):

14    Santa Clara Co. Sup. Ct.    County of Santa Clara

15    Court        Location

16        (b)    Case number, if known  #199164

17        (c)    Date and terms of sentence  25-years to life

18        (d)    Are you now in custody serving this term? (Custody means being in jail, on

19        parole or probation, etc.)    Yes _x___    No _____

20        Where?

21        Name of Institution: California Medical Facility

22        Address: POB 2000., Vacaville, CA 95696-2000

23        2.  For what crime were you given this sentence? (If your petition challenges a sentence for

24    more than one crime, list each crime separately using Penal Code numbers if known. If you are

25    challenging more than one sentence, you should file a different petition for each sentence.)

26    Vehicle Code 10851 (Driving Without Owner Consent)

27    Penal Code 1170.12 (3-Strike Law/25-years to life)

28

3. Did you have any of the following?

Arraignment:                          Yes **x**     No _____

Preliminary Hearing:                  Yes **x**     No _____

Motion to Suppress:                   Yes **x**     No _____

4. How did you plead?

Guilty _____    Not Guilty **x**    Nolo Contendere _____

Any other plea (specify) **N/A** _____

5. If you went to trial, what kind of trial did you have?

Jury **x**        Judge alone _____  Judge alone on a transcript _____

6. Did you testify at your trial?         Yes **x**     No _____

7. Did you have an attorney at the following proceedings:

(a)   Arraignment                    Yes **x**     No _____

(b)   Preliminary hearing            Yes **x**     No _____

(c)   Time of plea                   Yes _____     No **x**

(d)   Trial                          Yes **x**     No _____

(e)   Sentencing                     Yes **x**     No _____

(f)   Appeal                         Yes **x**     No _____

(g)   Other post-conviction proceeding   Yes _____  No **x**

8. Did you appeal your conviction?        Yes **x**     No _____

(a)   If you did, to what court(s) did you appeal?

Court of Appeal                  Yes **x**     No _____

Year: 2000        Result:   **denied** _____

Supreme Court of California      Yes **x**     No _____

Year: 2000        Result:   **denied** _____

Any other court                  Yes _____     No **x**

Year: **N/A**        Result: **N/A** _____

(b)   If you appealed, were the grounds the same as those that you are raising in this

1    petition?                                          Yes_____    No__X

2    (c)    Was there an opinion?                       Yes_X_      No_____

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                        Yes_____    No__X

5           If you did, give the name of the court and the result:

6    _____N/A_____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?  Unknown    Yes_____    No_____

10          [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition.  You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15   U.S.C. §§ 2244(b).]

16          (a)    If you sought relief in any proceeding other than an appeal, answer the following

17                 questions for each proceeding.  Attach extra paper if you need more space.

18          I.     Name of Court:  Superior Court (Santa Clara Co.,)

19                 Type of Proceeding:  habeas corpus  #199164

20                 Grounds raised (Be brief but specific):  See (Ex#B-3)

21                 a. Insufficient Evidence On Priors

22                 b. 3x Unconstitutional (14th & 8th Amendment)

23                 c. 3x Unconstitutional (5th Amendment)

24                 d. Breach of Contracts

25                 Result:  denied                       Date of Result:  11/15/06

26          II.    Name of Court:  Appeals Court (6th District)

27                 Type of Proceeding:  habeas corpus #H030902

28                 Grounds raised (Be brief but specific):  See (Ex#B-2)

PET. FOR WRIT OF HAB. CORPUS        - 4 -

a. Insufficient Evidence On Priors

b. 3x Unconstitutional (14th & 8th Amendment)

c. 3x Unconstitutional (5th Amendment)

d. Breach of Contracts

Result: denied                    Date of Result: 12/21/06

III.   Name of Court: California Supreme Court

Type of Proceeding: habeas corpus #S149470

Grounds raised (Be brief but specific): See (Ex#B-1)

a. Insufficient Evidence On Priors

b. 3x Unconstitutional (14th & 8th Amendment)

c. 3x Unconstitutional (5th Amendment)

d. Breach of Contracts

Result: denied                    Date of Result: 6/20/07

IV.   Name of Court: California Supreme Court

Type of Proceeding: habeas corpus #S152296

Grounds raised (Be brief but specific): See (Ex#A-1)

a. Cunningham Invalid Sentencing/High Term

b.

c.

d.

Result: denied                    Date of Result: 6/20/07

(b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes_____    No  X

Name and location of court: N/A

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1    need more space. Answer the same questions for each claim.

2        [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    Claim One: See Attached (pp 6(a) -thru- pp. 6(u))

6             7-Arguments Total & Constitutional Challenged.

7    Supporting Facts:_____

8    _____

9    _____

10   _____

11   Claim Two:  See Attached...

12   _____

13   Supporting Facts:_____

14   _____

15   _____

16   _____

17   Claim Three:  See Attached...

18   _____

19   Supporting Facts:_____

20   _____

21   _____

22   _____

23       If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25   Petitioner suffers a mental disorder and does not understand the

26   nature of proceedings & is assisted by prisoner. New law retroactive

27   for petitioners beliefe unavailable on previous cases.

28   NOTE: IN THE INTEREST OF JUSTICE, APPOINTMENT OF COUNSEL REQUESTED.

# TABLE OF CONTENTS

**(I)**     **Jurisdiction**

**(II)**    **Order To Show Cause & Appointment Of Counsel**

**(III)**   **Evidentiary Hearing**

**(IV)**    **Claims**

      (*) Insufficient Evidence On 3-Strike Prior Convictions

      (*) 3-Strike Law Is Un-Constitutional Due To Equal Protection
         Violation Based On Prosecution Application Within Counties

      (*) 3-Strike Law Is Un-Constitutional Due To Voters Passing
         An Illegal Urgency Initiative Law When Only Government
         May Pass Urgency Laws

      (*) 3-Strike Law Is Un-Constitutional Due To Double Jeopardy
         Violation Based On The Fact That The Current Conviction
         Is Not Repetitive Or Characteristic Of Prior Convictions

      (*) 3-Strike Law Is Un-Constitutional Due To Cruel & Unusual Punishment

      (*) Breach of Contract/Pleabargain By the State

      (*) Illegal Enhancement On Sentencing

**(V)**     **Relief & Remedy**

(I) <u>JURISDICTION</u>:

Petitioner presents his Petition for Writ of Habeas Corpus under the authority of <u>U.S. Const., Art 1, Sec 9, Cl 1</u>; <u>Calif. Const., Art 6, Sec 10</u>; and <u>Penal Codes 1473-1505</u> but cf, <u>28 U.S.C. 2241 & 2254</u>.

The courts has stated that petitioners may bring a habeas action when their constitutional or statutory rights have been violated, <u>Coleman v. Thompson</u>, 501 US 722, 749-750 (1991); <u>In re Williams</u>, 183 Cal 11, 14 (Cal,1920).

A habeas corpus is a collateral attack against a final judgement of criminal conviction, the petitioners bears a heavy burden to plead sufficient grounds for relief, all presumptions favor the truth and accuracy of the conviction, the defendant has the burden to overturn them, <u>People v. Gonzales</u>, 51 Cal 3d 1179, 1260 (Cal,1990).

The petition should state fully the facts and law relied upon for relief, <u>People v. Karis</u>, 46 Cal 3d 612, 656 (Cal,1988); the petition must include copies of any reasonable documentary evidence supporting claims for relief such as transcripts or declarations, <u>In re Harris</u>, 5 Cal 4th 813, 827 (Cal, 1993).


(II) <u>ORDER TO SHOW CAUSE</u> & <u>APPOINTMENT OF COUNSEL</u>:

Petitioner is challenging the constitutionality of an invalid law (i.e. <u>Penal Codes 667</u> & <u>1170.12</u>) and may raise the claim in a successive petition, <u>In re Clark</u>, 5 Cal 4th 750, 797-798 (Cal,1993). A miscarriage of justice is being alleged which justifies further a successive petition, <u>In re Robbins</u>, 18 Cal 4th 770, 780-781 (Cal,1998); <u>McClesky v. Zant</u>, 449 US 467, 494 (1991).

The factual & legal predicates have been established within the habeas to issue an "Order To Show Cause" for review, <u>In re Sixto</u>, 48 Cal 3d 1247, 1251-1252 (Cal,1989) and <u>People v. Romero</u>, 8 Cal 4th 728, 739 (Cal,1994)

In the interest of justice and to facilitate and expedite these proceedings, petitioner move the court to appoint counsel in this matter due to the issues being sophisticated and complex and petitioner being disadvantaged to argue his case due to his incarceration, People v. Barton, 21 Cal 3d 513, 519 n.3 (Cal,1978) and People v. Banner, 3 Cal App 4th 1315, 1325 (Cal.App.Ct.1992).

## (III) EVIDENTIARY HEARING:

Although petitioner is a pro per in this litigation, the court must grant deference to his pleading due to him not being an attorney, Maleng v. Cook, 490 US 488, 493 (1989); and hold his pleadings to a lesser standard compared to works by skilled lawyers, Haines v. Kerner, 404 US 519, 520 (1972).

The court is moved for an evidentiary hearing to plead and prove the claims being raised herein and with counsel instead of adjudicating matter from a cold record compared to in court litigation of the claims, Keeney v. Tamayo-Reyes, 504 US 1, 11-19 (1992); In re Saunders, 2 Cal 3d 1033, 1047-1048 (Cal,1970) and In re Fields, 51 Cal 3d 1063, 1070 (Cal,1990).

It is noted, the evidentiary hearing is justified and needed due to a miscarriage of justice claim and challenge to an invalid statute is being made for relief.

///

///

///

6(b)

(IV) CLAIMS:

Ground#1: INSUFFICIENT EVIDENCE ON PRIOR CONVICTIONS WHICH WARRANTS
          REVERSAL OF JUDGEMENT AND REMAND FOR RESENTENCING...

   Petitioner contends that the state did not meet its burden in convicting
petitioner on his prior convictions on the below offenses:

(*) PC 211/Robbery (#64145)

(*) PC 211/Robbery (#64145)

(*) Santa Clara County

   Under the 3-strikes law Penal Codes 667(b)-(i) & 1170.12(a)-(d), the
state must prove the "prior convictions" just like the "current conviction"
with the standard of beyond a reasonable doubt on all elements of the offense
and not by a mere prependerance of the evidence, see; People v. Monge, 16 Cal
4th 826, 833 (Cal,1997) and Monge v. California, 524 US 721, 724, 726-727
(1998).

   The state during the bi-furcation of the priors introduced what is common-
ly called a ("969b-package") to prove the priors or what Penal Code 969b
calls; prison photographs, prison identification cards, prison finger print
cards to make a prima facie showing of a defendants commitment into the
facility to prove a conviction. Nevertheless, the submissions of these docu-
ments only make a prependerance of evidence showing per United States v.
Romero-Rendon, 220 F3d 1159, 1164 (9th Cir,2000).

   California's 3-strikes law call for a minimum of 25-years to life for any
defendant who suffered at least 2-prior violent convictions per Penal Code
667.5(c) and/or serious convictions per Penal Code 1192.7(c); generally see,
Monge, supra, 524 US at 724-726; and any new current conviction.

   In petitioners prior strike hearing, the state only showed the least ad-
judicated elements when it introduced fingerprint cards, photo identifications,

6(c)

and an abstract of judgement to prove the priors; this presentation of the evidence does not prove each element beyond a reasonable doubt, see Gill v. Ayers, 342 F3d 911, 914 (9th Cir,2003) citing People v. Rodriguez, 17 Cal 4th 253, 261-263 (Cal,1998).

It is noted, the fact that petitioner did not have his priors elements proven beyond a reasonable doubt as pronounced in Monge, supra,, but cf, In re Winship, 397 US 358, 363 (1975) (i.e. all elements to an offense must be proven beyond a reasonable doubt to sustain conviction) should give pause. The government only showed the least adjudicated elements per Gill, supra, by not going beyond the record to prove all elements but instead relied on prison records and a court abstract of judgement which does not prove any elements of the offense.

The fact that petitioner pled guilty to prior offense also does not sustain a conviction for proving elements beyond a reasonable doubt. The courts has stated, "the government must prove the relevant conduct....(a)nd they must not rely on guilty pleas as admitting more than the facts essential to the validity of a conviction, United States v. Cazares, 112 F3d 1391, 1396-1398 (9th Cir,1997). Petitioners due process rights under U.S. Const., Amend. 14 and Calife Const., Art 1, Sec 15 were violated.

## CONCLUSION

Petitioner move the court to reverse his prior convictions for insufficient evidence as the state failed to prove all of the elements beyond a reasonable doubt and only showed the least adjudicated elements. The court is moved to remand petitioner for resentencing.

6(d)

Ground#2: 3-STRIKE LAW IS UN-CONSTITUTIONAL DUE TO EQUAL PROTECTION VIOLATION BASED ON PROSECUTION APPLICATION WITHIN COUNTIES...

Petitioner contends that the 3-strikes law Penal Codes 667 & 1170.12 are unconstitutional based on Equal Protection violations within the meaning of the U.S. Const., Amendment 14, and Calif. Const., Art 1, Sec 24.

The California 3-strikes laws calls for in the minimum 25-years to life sentence for any defendant who has suffered a prior violent felony within the meaning of Penal Code 667.5(c) and/or a serious felony within the meaning of Penal Code 1192.7(c) and any current felony irregardless if it is violent, serious, non-violent, or non-serious. As long as the defendant has suffered any 2-types of violent/serious prior convictions and any current conviction for a felony offense, the law triggers a life sentence. See (Ex#C).

Federal Supreme Court law states that similarly situated persons must be treated the same, see F.S. Royster Guano Co. v. Virginia, 253 US 412, 415 (1920). The law can't lay an unequal hand harsher on some defendants and use a hand more lenient on another when the individuals are similarly situated without violating equal protection laws, Skinner v. Oklahoma, 316 US 535, 541 (1942); and Ramirez v. Castro, 365 F3d 755, 770-772 (9th Cir, 2004).

California has 58-counties within the state and depending on which county a defendant is prosecuted in, some defendants receive a 3-strike 25-year to life sentence while others do not due to some prosecutors within particular counties who have implemented a non-three strike policy for defendants with non-violent & non-serious 3rd felonies. See (Ex#C).

Case in point, see the attached (EX#A), the County of San Francisco and the County of Los Angeles have implemented such non 3-strike policies for defendants with non-violent/non-serious 3rd felonies in which these defendants do not receive 25-year to life sentences juxtaposed to defendants who are prosecuted outside of these counties mentioned above.

Below are the prior violent and/or serious prior convictions used that the state charged against this petitioner as strikable offenses:

PRIOR CONVICTION: (Year) ___1976___    (Charge) __PC 211 (#64145)_____

PRIOR CONVICTION: (Year) ___1976___    (Charge) __PC 211 (#64145)_____

PRIOR CONVICTION: (Year) _____    (Charge) _____

Below are and/or is the current non-violent and non-serious current conviction that petitioner was charged with that is not listed as a violent or serious felony within the meaning of P.C. 667.5(c) & P.C. 1192.7(c):

CURRENT CASE:    (Year) ___1997___    (Charge) __VC 10851 (#199164)_____

CURRENT CASE:    (Year) _____    (Charge) _____

Petitioner contends that had he been prosecuted in (SAN FRANCISCO COUNTY) from (1996-2005) he would not have received a 25-year to life sentence nor had he been prosecuted in (LOS ANGELES COUNTY) from (2000-2005) neither would he received a life sentence for his offense. Since petitioner is from the (COUNTY: __Santa Clara__) which does not have a non 3-strike policy for non-violent/non-serious 3rd felonies, this is why he received a life sentence. The court is moved to conduct within its analysis a ("Scrict Scrutiny") test as pronounced in Plyer v. Doe, 457 US 202, 216-217 (1982); Hoffman v. U.S., 767 F2d 1431, 1434-1436 (9th Cir,1985) and the ("Rational Standard") test as pronounced in Vance v. Bradley, 440 US 93, 97 (1979); Joyner v. Mofford, 706 F2d 1523, 1531 (9th Cir,1983) for equal protection violations regarding how similarly situated persons facing 3-strike life sentences with some defendants receiving indeterminate sentences and others are not based on county residence.

## CONCLUSION

Petitioner move the court to strike-down the 3-strike law P.C. 667 and P.C. 1170.12 for equal protection violations and remand petitioner to trial court for resentencing based on said equal protection claims. See (EX#C).

(f)

<u>Ground#3</u>: 3-STRIKE LAW IS UN-CONSTITUTIONAL DUE TO VOTERS PASSING
        AN ILLEGAL URGENCY INITIATIVE LAW WHEN ONLY THE GOVERNMENT
        MAY PASS URGENCY LAWS...

Petitioner contends that the 3-strike law <u>Penal Code 1170.12(a)-(d)</u> is
unconstitutional based on Due Process violations within the meaning of the
<u>U.S. Const., Amendment 14</u>, and <u>Calif.Const., Art 1, Sec 7-14, 24</u>.

The state charged petitioner with violating both 3-strike laws of California
as passed in March (1994) by the Legislature, <u>Penal Code 667(b)-(i)</u> and as
passed in November (1994) by the Voters, <u>Penal Code 1170.12(a)-(d)</u>.

The constitutionality of a "statute" may be challenged whether by the Le-
gislature, <u>U.S. v. Salerno</u>, 481 US 739, 745 (1987) and/or whether enacted by
the Electorate/Voters. The Courts has stated that ("Voters") may not pass un-
constitutional laws no more than the ("Legislature or Government") may do so,
<u>Citizens Against Rent Control v. Berkeley</u>, 454 US 290, 295 (1981).

Federal law permits the courts to reach the ("state") claims before the
("federal") claims, see; <u>Vernon v. City of Los Angeles</u>, 27 F3d 1385, 1391
(9th Cir,1994) and <u>Acton v. Vernonia School District 47J</u>, 23 F3d 1514, 1519
(9th Cir,1982). Please judicial notice the below California two 3-strike laws
per <u>Fed.R.Evid</u>. 201; <u>Calif. Evid. Code 450-459</u>; <u>Florida v. Riley</u>, 488 US 445,
465 (1989) and <u>Alvarado v. Superior Court</u>, (Cal,2000) 23 Cal 4th 1121, 1151.

Note: See (<u>EX#C</u>)...       -------------------

| <u>Penal Code 667(b)-(i)</u><br><u>Assembly Bill #971</u><br><u>March (1994)</u> | <u>Penal Code 1170.12(a)-(sec.4)</u><br><u>Proposition #184</u><br><u>November (1994)</u> | |
|---|---|---|
| <u>P.C. 667(b)(c)(1)-(8)</u>................. | <u>P.C. 1170.12(a)(1)-(8)</u> | ("SAME") |
| <u>P.C. 667(d)(1)-(3)</u>................. | <u>P.C. 1170.12(b)(1)-(3)</u> | ("SAME") |
| <u>P.C. 667(e)(1)-(2)</u>................. | <u>P.C. 1170.12(c)(1)-(2)</u> | ("SAME") |
| <u>P.C. 667(f)(1)-(2)</u>................. | <u>P.C. 1170.12(d)(1)-(2)</u> | ("SAME") |
| <u>P.C. 667(g)</u>................. | <u>P.C. 1170.12(e)</u> | ("SAME") |
| <u>P.C. 667(h)</u>................. | <u>P.C. 1170.12(sec.2)</u> | ("SAME") |
| <u>P.C. 667(i)</u>................. | <u>P.C. 1170.12(sec.3)</u> | ("SAME") |
| <u>P.C. 667(j)</u>................. | <u>P.C. 1170.12(sec.4)</u> | ("SAME") |

Only the Gov't may pass (URGENCY LAWS), Calif. Const., Art 4, Sec 8(d); Rossi v. Brown, 9 Cal 4th 686, 721 n.4 (Cal,1995). The Voters are barred from passing (URGENCY LAWS VIA REFERENDUMS), Calif. Const., Art 2, Sec 9(a); Assembly v. Duekmejian, 30 Cal 3d 638, 654-656 (Cal,1982). Therefore, they may not circumvent the constitution in a backhand technique to enact or pass (URGENCY LAWS VIA INITIATIVES), Calif. Const., Art 2, Sec 8(a); Wheeler v. Herbert, 152 Cal 224, 237 (Cal,1907); Rossi, supra, 9 Cal 4th at 716, 720-721, 736-737 and Meyers v. City of Pismo Beach, 241 Cal App 2d 237, 243 (1966).

The federal courts has stated to do so would permit the people to do ("indirectly") what they are forbidden to do ("directly"), see; Fairbanks v. United States, 181 US 283, 294 (1901) and Frick v. Pennsylvania, 268 US 473, 494-495 (1925). The courts has made §"1-Lone Exception"§ when the Voters may use the (INITIATIVE) when barred to do by (REFERENDUM) and that is when the Voters new-law either ("AMENDS/REPEALS") the old-law like the Voters recent Prop#66/P.C. 1170.12 (2004) attempted to amend the Gov't AB#971/P.C. 667(b)-(i) (1994) law, Rossi, supra, 9 Cal 4th at 705 n.9, 709.

The Voters Prop#184/P.C. 1170.12 (1994) did not amend or repeal the Gov't AB#971/P.C. 667 (1994), therefore making the Voters (1994) an illegal urgency law since only the Gov't has that authority to pass such laws.


## CONCLUSION

Petitioner move the court to strike down in its entirety the Voters illegal urgency law P.C. 1170.12 passed in (1994) as Prop#184 since it is a duplicate of the Gov't urgency law passed as P.C. 667 in (1994) under AB#971. Only the Gov't may pass (URGENCY LAWS) per Calif. Const., Art 4, Sec 8(d). The court is further moved to remand petitioner to trial court for resentencing pursuant to P.C. 667(b)-(i).

Ground#4: 3-STRIKE LAW IS UN-CONSTITUTIONAL DUE TO DOUBLE JEOPARDY
VIOLATION BASED ON THE FACT THAT THE CURRENT CONVICTION
IS NOT REPETITIVE OR CHARACTERISTICS OF PRIOR CONVICTIONS...

Petitioner contends that the 3-strikes laws Penal Code 667 & 1170.12 are
unconstitutional based on Double Jeopardy violations within the meaning of
the U.S. Const., Amendment 5 and Calif. Const., Art. 1, Sec 15.

PRIOR CONVICTIONS:

(*) Year: 1976      Charge: PC 211/Robbery (#64145)

(*) Year: 1976      Charge: PC 211/Robbery (#64145

(*) Year: _____   Charge: _____

CURRENT CONVICTIONS:

(*) Year: 1997      Charge: VC 10851/Joyriding (#199164)

(*) Year: _____   Charge: _____


(A) THE MONGE COURT:

The courts has stated that ("double jeopardy") does not apply to challenges
on prior convictions because these proceedings are considered to be sentencing
proceedings irregardless if the state afford these proceedings procedural
safeguards that have the hallmarks of a trial setting, Monge v. California,
524 US 721, 724-728 (1998) citing People v. Monge, 16 Cal 4th 826, 830-834,
838-839 (Cal, 1997) (e.g. California defendants may not challenge their prior
convictions under double jeopardy since double jeopardy may only attach to
the current offense). See (EX#C).

Therefore, both federal & state Supreme Courts have foreclosed any challen-
ges to prior convictions on double jeopardy with the sole exception to death
penalty cases, Bullington v. Missouri, 451 US 430, 438 (1981); Nichols v.
United States, 511 US 738, 747 (1994); Monge, supra, 524 US at 726.

6(i)

(B) <u>THE WITTE COURT</u>:

The courts has stated that ("double jeopardy") applies only to challenges of current offenses within the meaning of the <u>U.S. Const., Amendment 5</u>. In order for a defendant to challenge his current offense under double jeopardy claims, he must show that the current offense is not a ("repetitive type") offense and/or showing the current offense being characteristice of a particular offense indicating that the defendant remains prone to a specific kind of anti-social behavior or activity, see; <u>Witte v. United States</u>, 515 US 389, 399-400 (1995); <u>Gryger v. Burke</u>, 334 US 728, 732 (1948).

Although the federal circuit and district courts spoke in ("dictum") on a double jeopardy 3-strike issue regarding the current offense of defendants being non-violent/non-serious and having no ("nexus") as being repetitive or characteristic to the violent & serious prior conviction under the <u>5th Amendment</u> due to the courts addressing within its ("holding") cruel & unusual punishment claims per the <u>8th Amendment</u>; nevertheless the courts did state that California's 3-strikes laws (i.e. <u>P.C. 667 & 1170.12</u>) may violate double jeopardy laws, see <u>Brown v. Mayle</u>, 283 F3d 1019, 1036 (9th Cir,2002) and also <u>Duran v. Castro</u>, 227 FSupp 2d 1121, 1129-1131 (E.D.Cal,2002) citing <u>Witte</u>, <u>supra</u>, 515 US at 399-400.


(C) <u>SENTENCING ENHANCEMENTS</u> & <u>HABITUAL CRIMINAL/CAREER CRIMINAL LAWS</u>:

As noted, increased punishments for recidivist offenders may be enacted without violation of double jeopardy laws, see; <u>Moore v. Missouri</u>, 159 US 673, 677 (1895) and <u>Graham v. West Virginia</u>, 224 US 616, 624 (1912). Petitioner move the court to take ("judicial notice") under <u>Fed.R.Evid. 201</u> of a "slew" of California sentencing enhancement schemes for habitual & criminal career laws that falls within the domain of the (MOORE COURT) above regarding increased punishments and per the criteria of the (WITTE COURT) in which a nexus must

exist between the current & prior offenses with respect to the current offense being repetitive and characteristic of the prior offenses. See (WEST, 2005) or Calif. Penal Code (i.e. P.C.) where sentencing enhancements for current and prior convictions on habitual criminal & career criminal laws have a nexus: P.C. 667.51 (Lewd or Lascivious Act On Child Under 14: 3-similar acts); P.C. 667.6 (Prior Sex Offenses: 2-similar acts); P.C. 667.7 (Great Body Injuries: 3-similar acts); P.C. 667.70 (Murder: prior violent acts); P.C. 667.71 (Habitual Sexual Offender: 3-similar acts); P.C. 667.75 (Drug Offenses Involving Minors; prior serious acts); P.C. 667.8 (Kidnapping Victims To Commit Sex Offenses W/Victims Under Age 14: prior violent & serious acts); P.C. 999e (Career Criminal Act: 3-similar violent/serious offenses). All of the above habitual criminal & career criminal statutes above listed as enhanced sentencing laws per the (WITTE COURT) have a nexus regarding the violent/serious current offenses having a similar nature to the violent/serious prior convictions which are repetitive deeming the defendant anti-social due to a specific kind of behavior. Furthermore, the above statutes sentencing enhancement laws list the current & prior convictions as "violent or serious" pursuant to Calif. Penal Codes 667.5(c) & 1192.7(c).

However, California's 3-strike laws P.C. 667(b)-(i) & 1170.12(a)-(d) calls for a indeterminate 25-year to life sentence based on any (2) prior violent or serious convictions per P.C. 667.5(c) & 1192.7(c) and anytype of non-violent or non-serious offense which has no ("nexus") or relationship to the prior violent/serious convictions such as (i.e. P.C. 484/petty theft, P.C. 487/grand theft, P.C. 496/receiving stolen property, or VC 10851/joyriding in a car), see Monge, supra, 524 US at 724-728. It is contended that the state is violating the double jeopardy clause of the constitution as pronounced by the federal courts, Brown, supra, 283 F3d at 1036 & Duran, supra, 227 FSupp at 1129-1131.

(D) VIOLENT/SERIOUS OFFENSE -vs- NON-VIOLENT/NON-SERIOUS OFFENSE:

Defendants with a (CURRENT VIOLENT & SERIOUS OFFENSE) qualify for the enhanced provisions without double jeopardy claims because their current offense and prior offenses are listed as violent/serious felonies per P.C. 667.5(c) and P.C. 1192.7(c) under the 3-strike laws P.C. 667(b)-(i) & 1170.12(a)-(d) as pronounced by Judge Hon. L.K. Karlton in Duran v. Castro, 227 FSupp 2d 1121, 1129-1131 (E.D.Cal,2002) citing Witte,supra, 515 US at 400.

Defendants with a (CURRENT NON-VIOLENT & NON-SERIOUS OFFENSE) offense such as petitioners: (OFFENSE: VC 10851/Joyriding (#199164)        ) violates the 3-strikes law P.C. 667 & 1170.12 because the offense is not a repetitive one nor characteristic of his prior offenses showing a specific kind of conduct and deeming him anti-social and incapable of being reformed/rehabilitated, see Duran, supra, 227 FSupp 2d at 1129-1131 citing Brown v. Mayle, 283 F3d 1019, 1036 (9th Cir,2002) and Witte v. U.S., 515 US 389, 399-400 (1995); and U.S. Const., Amend. 5.

The Double Jeopardy claim via the 5th Amendment is applicable for the States thru the 14th Amendment, see; North Carolina,v. Pearce, 395 US 711, 717 (1969).


## CONCLUSION

Petitioner move the court under the "severance clauses" of both 3-strike laws P.C. 667 & 1170.12 to strike down those subdivisions that mandate defendants to receive a 25-year to life indeterminate sentence with (CURRENT NON-VIOLENT & NON-SERIOUS OFFENSES) due to "double jeopardy" violation of the law since the current offense is not repetitive or characteristic of prior offense. But the 3-strike law would apply to (CURRENT VIOLENT/SERIOUS OFFENSES) as is. The court is moved to remand petitioner for resentencing due to double jeopardy violations of the law. See (EX#C).

Ground#5: 3-STRIKE LAW IS UN-CONSTITUTIONAL DUE TO CRUEL & UNUSUAL
        PUNISHMENT VIOLATIONS AS APPLIED TO PETITIONER...

The State charged petitioner under California's 3-strikes laws Penal Codes
667(b)-(i) and 1170.12(a)-(d) (aka: Habitual Criminal Act) and sentenced him
to an indeterminate sentence with a minimum of 25-years to life, please see;
Monge v. California, 524 US 721, 724-728 (1998) citing People v. Monge, 16 Cal
4th 826, 830-834 (Cal,1997) (e.g. California law sentencing defendants to in-
determinate sentences for any defendant with at least 2-prior convictions for
violent or serious felonies and anytype of current felony). See (EX#C).

Petitioner contends that the State's application of the 3-strikes law as
applied to him violates his federal and state rights within the meaning of
U.S. Const., Amendment 8 and Calif. Const., Art 1, Sec 17 (i.e. Cruel & Unusual
Punishment).

PRIOR CONVICTIONS:

(*) Year: 1976      Charge: PC 211/Robbery (#64145)

(*) Year: 1976      Charge: PC 211/Robbery (#64145)

(*) Year: _____   Charge: _____

CURRENT CONVICTIONS:

(*) Year: 1997      Charge: VC 10851/Joyriding (#199164)

(*) Year: _____   Charge: _____

(A) STANDARD OF REVIEW:

In conducting a proportionality review, the court has identified four prin-
ciples that guide review: (1) the primacy of the legislature, (2) the variety
of legitimate penological schemes, (3) the nature of our federal system, and
(4) the requirement that proportionality review be guided by objective factors.

The Eight Amendment does not require strict proportionality between crime and sentence. Under California's 3-strikes law, although the supreme court did not declare the total law unconstitutional and strike it down, they declared that relief is available on 8th Amendment violations based on cruel and unusual punishment in those remote and rare cases when the statutory punishment is unconstitutional when it arises to grossly disproportionate, Ewing v. California, 538 US 11, 23 (2003) and Andrade v. Lockyer, 538 US 63, 73 (2003).

Nevertheless, the supreme court did not lay out a criteria for what the "exceedingly & rare" case would be to meet the criteria for relief. However, other federal judiciary tribunals below the supreme court at the appellate level have established a 4-prong test, the law is still developing in the system. The U.S. Court of Appeals for the Ninth Circuit recently adjudicated a 3-strike case where a defendant had 2-prior violent/serious felonies and a current non-violent & non-serious felony. The court ruled that 3-striker defendants qualify for relief if they can show: (1) whether the crime involved the use of force, (2) whether weapons were present, (3) whether the crime was violent in nature, and (4) the length and type of sentence imposed, see Ramirez v. Castro, 365 F3d 755, 768 (9th Cir,2004) citing Ewing & Andrade, supra,.

The 8th Amendment to the United States Constitution applies to the states via the 14th Amendment, see; Robinson v. California, 370 US 660, 667 (1962); Ewing, supra, 538 US at 20, and Lockyer, supra, 538 US at 72.

Petitioner contends as noted on pp. 4(m) of this habeas action claim that his prior convictions are not violent felonies as listed on Penal Code 667.5(c) but are listed as serious felonies as pronounced per Penal Code 1192.7(c). It is further noted, petitioners current offenses are non-violent & non-serious and under the 8th Amendment of cruel & unusual punishment, this petitioner

qualifies for the relief as cited in the supreme court cases claiming relief may be granted for the rare & remote cases, Ewing, supra, 538 US at 11; and Lockyer, supra 538 US at 73, but cf; Ramirez v. Castro, 365 F3d at 768.

(B) 3-PRONG ANALYSIS:

Both federal and state courts has layed out a three-prong test for relief on such claims, a defendant only needs to prevail on 1-prong and not all three-prongs for relief.

The courts has stated, a review may be conducted under: (a) The Current Offense (i.e. the gravity of the offense and the harshness of the penalty). The gravity of an offense can be assessed by comparing the harm caused or threatened to the victim or society and the culpability of the offender with the severity of the penalty, Solem v. Helm, 463 US 277, 292 (1983); In re Grant, 18 Cal 3d 1, 5-10 (Cal,1976). Petitioners current offense is non-violent and non-serious: (i.e. Offense: VC 10851/Joyriding (#199164)   ), the gravity of the offense does not render violence against any victim or society and the penalty is grossly harsh with a sentence of 25-years to life with no time credits being able to be earned, In re Cervera, 24 Cal 4th 1073, 1076 (Cal,2001). Under Ramirez, supra, 365 F3d at 768 4-prong test for relief regarding offense and the offender, this petitioner meets the criteria for relief/resentencing.

The court has further stated, a review may be conducted under: (b) Intra-jurisdictional Comparison (i.e. comparing penalty to other crimes considered to be more serious/violent or severe along with its penalties). California's 3-strike law require a 25-year to life sentence for any non-violent/non-serious offense such as (i.e. drug possession, possession of stolen property, check writing, failure to register, joyriding, etc.,) coupled with 2-prior violent or serious felonies. Compared to other serious crimes such as P.C. 187 (murder)

25-years to life with time credits; P.C. 189-190 (2nd degree murder) 15-years
to life; P.C. 192-193 (voluntary manslaughter) 3-6-11 years; P.C. 207-208
(kidnapping) 3-5-8 years; P.C. 204 (mayhem) 2-4-8 years; P.C. 261, 264 (rape
& oral copulation) 3-6-8 years; P.C. 288 (child molestation) 3-6-8 years;
and P.C. 211-213 (robbery) 3-6-9 years, petitioners non-violent/non-serious
offense standing alone carries less than 3-years in prison compared to the
above cited violent/serious crimes listed under P.C. 667.5(c) & 1192.7(c) and
this defendants offense is not on the violent/serious crime strike-list. There-
fore, under this prong, Solem v. Helm, 463 US 277, 292 (1983); Rummel v. Es-
telle, 445 US 263, 272 (1980); Andrade v. Lockyer, 270 F3d 743, 761 (9th Cir,
2001); Duran v. Castro, 227 FSupp 2d 1121, 1132 (E.D.Cal,2002); and cf, In re
Lynch, 8 Cal 3d 410, 426 (Cal,1972), therefore petitioner meets relief.

   Finally, the court has stated, a review may be conducted under: (c) Inter-
jurisdictional Comparison (i.e. comparing penalties of similar offenses in
other jurisdictions outside of California). It is noted in (1993) when Polly
Klaus was killed by a recently released parolee, his crime of murder, kidnap-
ping, and sexual assault against the victim warranted a death sentence or ca-
pital punishment, the 3-strike law was passed after this incident. However,
the federal government initiated the 1st 3-strike law 18 USC 5559 and at least
12-states passed similar laws requiring all prior & current felonies to be
violent/serious felonies under their 3-strikes laws to qualify for a life sen-
tence such as; Alabama Code Sec. 13-A-5-6, Delaware Code Ann. Stat. 11 Sec. 4214,
Idaho Code Sec. 19-2514, Indiana Code Sec. 35-50-2-8.5, Mississippi Code Ann.
Sed. 99-19-83, Nebraska Rev. St. Sec. 29-2221, Rhode Island Gen. Laws Sec. 12-
19-21, South Carolina Code Ann. Sec 16-1-60, 17-25-45, Vermont Ann. Stat. Ch.
720 Sec. 358-1, 730, Sec. 5-8-1., Stat. 13, Sec. 11, Washington Rev. Code Ann.
Sec. 9.92.090, West Virginia Code Sec. 61-11-18, Wyoming Stat. Sec. 6-10-201.
   California is the only jurisdiction which requires the prior felonies to be

6(p)

violent/serious but for the current offense is non-violent or non-serious to trigger an indeterminate life sentence thus violating the 3rd prong of this interjurisdictional analysis, see; Harmelin v. Michigan, 501 US 957, 1001 (1991); U.S. v. Bajakajian, 524 US 321, 336-337 (1998); Ramirez v. Castro, 365 F3d 755, 772 (9th Cir,2004) and People v. Dillon, 34 Cal 3d 441, 478 (Cal,1983).

The court must decide the relevant factors to consider such as the facts of the current crime, the minor nature of the offense, the absense of aggravating circumstances, whether it is nonviolent, and whether there are rational gradations of culpability that can be made on the basis of the injury to the victim or to society in general, see; In re Foss, 10 Cal 3d 910, 919-920 (Cal,1974) and In re Lynch, supra, 8 Cal 3d at 425-426. Petitioner also under prong-3 meets the criterda for relief as California's 3-strike law when compared to other federal and state jurisdiction is the only 3-strike law in the nation which requires a "life-sentence" for a current non-violent/non-serious offense where as all other "jurisdictions" require for both prior & current felony convictions to be "violent and/or serious" for a life sentence.


## CONCLUSION

Petitioner move the court to declare California's 3-strikes laws Penal Codes 667 & 1170.12 as unconstitutional as applied to him for a violation of the 8th Amendment of the U.S. Constitution and Art 1, Sec 17 of the California Constitution, (i.e. cruel and/or unusual punishment). The court is moved to remand petitioner to trial court for resentencing in accordance with all of the laws cited herein.

///

///

Ground#6: BREACH OF CONTRACT & PLEABARGAIN BY THE STATE...


Petitioner contends that the State has breahhed his plea-bgrgain agreements
in violation of the Dee Process Clause of the U.S. Const., Amendment 14 and
Calif. Const.ᵱ Art 1, Sec 7-15 by imposing illegal enhancements of the 3-strike
laws Penal Codes 667 & 1170.12. Any defendant who has suffered (1) prior vio-
lent or serious conviction and subsequently convicted of a new felony receives
twice the base term and must serve 80% of the sentence; and any defendant who
has suffered (2) or more prior violent or serious felonies and subsequently
is convicted of any new felony received a sentence of 25-years to life, see;
Monge v. California, 524 US 721, 724-728 (1998) and People v. Monge, 16 Cal
4th 826, 830-839 (Cal,1997), cf; In re Cervera, 24 Cal 4th 1073, 1076 (Cal,2001)
and Andrade v. Calif. Attorney General, 270 F3d 743, 747-767 (9th Cir,2001),
rev'd on other grounds, Lockyer v. Andrade, 583 US 63 (2003).
Petitioner has suffered £ prior convictions for the following or the
below offenses:

(*)  PC 211/Robbery (#64145)_____ (Year) _1976_

(*)  PC 211/Robbery (#64145)_____ (Year) _1976_

(*)  _____ (Year) _____

Petitioner also have been convicted of the current offense in which he
was convicted and sentenced under the 3-strike law PC 667 & PC 1170.12:

(*)  VC 10851/Joyriding (#199164)_____ (Year) _1997_

(*)  _____ (Year) _____

The violent and serious felony list was added to California statutes via
Penal Code(s) 667.5 & 1192.7, see; People v. Harris, 49 Cal 3d, 131, 775 P2d
1057, 1059 (Cal,1989) (i.e. Proposition #8). The subsequent 3-strike law was
drafted via Proposition #184 & Assembly Bill #971 and became codified in
Penal Codes 667(b)-(i) (e.g. Gov't 3-Strike Law) and 1170.12(a)-(d) (e.g. The

Case 4:07-cv-03696-CW    Document 1    Filed 07/18/2007    Page 26 of 50

Voters 3-Strike Law), generally see; Davis v. Woodford, 446 F3d 957,,960-961
(9th Cir,2006). Petitioner raises a due process claim under breach of contract
which is governed under clearly established federal law from the U.S. Supreme
Court as pronounced in Santobello v. New York, 404 US 257, 262 (1971) and
Mabry v. Johnson, 467 US 504, 509-510 (1984).

Other federal courts has further stated that the California Supreme Court
is the finals state court which interprets statutes on breach of contract law
and plea agreements and that federal courts are so bound by its interpretation,
see; Buckley v. Terhune, 441 F3d 688, 694-695 (9th Cir,2006)(en banc); Brown
v. Poole, 337 F3d 1155, 1159-1160 (9th Cir,2003) citing Ricketts v. Adamson,
483 US 1, 6 n.3 (1987).

California law on contracts are governed by Calif. Civil Code 1636 which
also encompasses plea agreements, Davis, supra, 446 F3d at 962 citing People
v. Toscano, 124 Cal App 4th 340, 20 Cal Rptr. 3d 923, 926 (CaliApp.Ct.2004)
and People v. Gipson, 117 Cal App 4th 1065, 12 Cal Rptr. 3d 478, 481 (Cal.App.
Ct.2004).

Normally, multiple strikes with considered by the state court as any felon
or defendant who has multiple counts even if it occurred within a single
indictment with a single case no#, see; People v. Fuhrman, 16 Cal 4th 930,
67 Cal Rptr. 2d 1, 941 P2d 1189, 1194 (Cal,1997).

The State in the instant case which includes the Judge and Prosecutor
agreed that petitioner would only be subject to a single 5-year enhancement
per Penal Code 667(a); Davis, supra, 446 F3d at 962 if petitioner was to be
arrested/indicted/convicted in the future of any new serious felony which is
subject to a 5-year enhancement for each serious prior conviction brought and
tried in a separate proceeding. Below is the prior conviction which petitioner
contends is a single strike for the purposes of PC 667(b)-(i) & 1170.12:
(*) PC 211/Robbery (#64145)         (Year)   1976

6(s)

Petitioner contends the State has "breached" its pleaagreement or contract and the only remedy in this instant matter is for the court to remand for re-sentencing by requiring the subject prior conviction with multiple-counts to be counted as a single-count and (1x/strike) as concluded by the Courts, see; Davis, supra, 446 F3d at 963; Santobello, supra, 404 US at 262; and/or in the alternative allow petitioner to withdraw his plea on the prior conviction and remand for new trial.

However, since petitioner has fullfilled his "bargain" of the pleas by serving the time already, it would be in the interest of justice for judicial efficiency and economy if the State was demanded to "enforce" its bargain by counting the prior conviction PC 211/Robbery (#64145)      (Year:    1976   ) as a single-prior/conviction and remand the matter for resentencing.

Finally, petitioner request for an Evidentiary Hearing; Appointment of Counsel; and Remand for Re-Sentencing.

CONCLUSION

Due to breach of contract, petitioner move the court to order the defen-dants or respondents to resentence based on the plea-bargain agreement in which the multi-priors in 1-case is treated as a single prior strike where petitioner is a 2-striker and not a 3-striker.

////

////

////

GROUND#7 INVALID ENHANCEMENT SENTENCING UNDER THE 3-STRIKE LAW...

On 1/23/2007 the U.S. Supreme Court declared California (DSL) Determinate Sentencing Law enacted in (1977) unconstitutional due to the state permitting Judges instead of Jury to adjudicate the facts of a case beyond the statutory maximum for an enhanced sentence and permitting the courts to use the wrong standard for adjudicating the case on the standard of preponderance of the evidence instead of beyond a reasonable doubt standard.

Petitioner was convicted of the offense:

(*) Vehicle Code 10851 (Driving Without Owner Consent/Joyriding)

(*) Penal Code 667(b)-(i) (Habitual Criminal Act/3-Strike Law)

This defenant instead of receiving a low term (3-year sentence) or a mid term (6-year sentence) received instead the high term (25-years to life) by the Judge instead of the Jury based on preponderance of the evidence and not beyond a reasonable doubt based on factors of the case and the Supreme Court has stated when this occurs, the conviction/sentence must be reversed for the defendant to be sentenced to the statutory maximum which would be the 3 or 6-year term, see; Apprendi v. New Jersey, 530 US 466, 468-471 (2000); Blakely v. Washington, 542 US 296, 298-305 (2004); U.S. v. Booker, 543 US 220, 232-244 (2005) and Cunningham v. California, 127 SCt 856, 864-871 (2007).

## CONCLUSION

Petitioner move the court for an evidentiary hearing, appointment of counsel and resentencing to the statutory maximum 3-6 years since the Judge instead of the Jury and/or a Probation-Officer made the recommendation to elevate time to 25-years to life and due to the preponderance of evidence standard being used instead of beyond a reasonable doubt standard.

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2   are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3   of these cases:

4   Please see attached (pp.6(a) -thru- pp.6(u)) for the cited

5   constitutional, statutory, & decisional authorities...

6   _____

7   Do you have an attorney for this petition?                    Yes_____    No **x**

8   If you do, give the name and address of your attorney:

9         N/A

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _7/15/2007_                     _____

14             Date                          FREDERICK GATLIN
                                            Signature of Petitioner

15

16   NOTE: ("REQUEST FOR APPOINTMENT OF COUNSEL")...

17        Petitioner has a suffered a mental disorder and is in
     in treatment with psychiatrist, psychologist, and medications

18   and does not understand the nature of these proceedings and is
     being assisted by another prisoner per, Johnson v. Avery, 393

19   US 483, 490 (1969); U.S. Const., Amend. 1.
          In the interest of justice appointment of counsel is

20   requested per, Weygandt v. Look, 718 F2d 952, 954 (9th Cir,
     1983) and Knaubert v. Goldsmith, 791 F2d 722, 728 (9th Cir,

21   1986), cert.denied, 479 US 867 (1986).

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

# EXHIBIT

""

S152296

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re FREDERICK GATLIN on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

JUN 2 0 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE
_____
Chief Justice





EXHIBIT

B

S149470

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re FREDERICK GATLIN on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Dixon* (1953) 41 Cal.2d 756; *In re Lindley* (1947) 29 Cal.2d 709; *People v. Andrews* (1998) 49 Cal.App.4th 1098, 1102-1104.)

SUPREME COURT
**FILED**

JUN **2 0** 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE
Chief Justice

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

Court of Appeal - Sixth App. Dist.

**FILED**

DEC 2 1 2006

MICHAEL J. YERLY, Clerk

By _____
             DEPUTY

In re FREDERICK GATLIN,

on Habeas Corpus.

H030902
(Santa Clara County
 Super. Ct. No. 199164)

BY THE COURT:

The request for appointment of counsel is denied. The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

DEC 2 1 2006

Dated _____

PREMO, J.

_____ Acting P.J.

**FILED**

NOV 1 5, 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ D. MILLER DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re                                    )        No. 199164
                                         )
     FREDERICK GATLIN                    )        Order
                                         )
On Habeas Corpus                         )
_____)

FREDERICK GATLIN ("Petitioner") petitions for a writ of habeas corpus. Petitioner

challenges his strike priors.

In In Re Harris, (1993) 5 Cal.4th 813, the California Supreme Court reaffirmed the rule

that "habeas corpus will not serve as a second appeal." (In Re Harris, supra, 5 Cal. 4th at 825,

quoting In Re Foss (1974) 10 Cal.3d 910, 930.) Therefore, habeas corpus relief is not available

for claims that were raised and rejected on direct appeal. (In Re Harris at 825, citing In Re

Waltreus (1965) 62 Cal.2d 218, 225.) Conversely, "the writ will not lie where the claimed errors

could have been, but were not raised upon a timely appeal from a judgment." (Harris at 829

(emphasis in original), citing In Re Dixon (1953) 41 Cal.2d 756.) Petitioner's claims were or

could have been brought on direct appeal.

Accordingly, the petition for a writ of habeas corpus is DENIED.

Date: ___10/30/06___                     _Diane Northway_
                                         DIANE NORTHWAY
                                         JUDGE OF THE SUPERIOR COURT

Cc:    Petitioner
       District Attorney
       Research

B3

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA

_Plaintiff:
PEOPLE OF THE STATE OF CALIFORNIA

_Defendant
 FREDERICK GATLIN

**F I L E D**

NOV 1 5 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ **D. MILLER** _____ DEPUTY

| PROOF OF SERVICE BY MAIL OF: ORDER RE: WRIT OF HABEAS CORPUS | CASE NUMBER: No. 199164 |
| --- | --- |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this case and that a true copy of this document was mailed first class postage fully prepaid in a sealed envelope addressed as shown below and the document was mailed at SAN JOSE, CALIFORNIA on ___11/15/06___ . I declare under penalty of perjury that the foregoing is true and correct.

KIRI TORRE, Chief Executive Officer        By_____ Clerk
                                                    Deidre Miller

Frederick Gatlin P# 19908
California Medical Facility (I-141)
P.O. Box 2000
Vacaville, CA  95696-2000


District Attorney


Research Attorney/Criminal Division
190 W. Hedding Street
San Jose, CA 95110

CJIC



# EXHIBIT

# C



"AB #971
Upstairs Bus"e Law w/ SEC 12
Per Chuff (instituted)
PC 667(b)-(i) & PC 1170.12

3-STRIKES Law

Assembly Bill No. 971

**CHAPTER 12**     3RD VERSION

An act to amend Section 667 of the Penal Code, relating to sentencing, and declaring the urgency thereof, to take effect immediately.

[Approved by Governor March 7, 1994. Filed with Secretary of State March 7, 1994.]

**LEGISLATIVE COUNSEL'S DIGEST**

AB 971, Jones. Sentencing: prior felony convictions.

Existing law, added by initiative statute, provides, among other things, that any person who is convicted of a serious felony, as defined, and who has been previously convicted of a serious felony in California, or of any offense committed in another jurisdiction which includes all of the elements of a serious felony, shall receive, in addition to the sentence imposed for the present felony, a 5-year enhancement for each prior felony conviction on charges brought and tried separately.

This bill would declare the intent of the Legislature to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.

This bill would, in addition, provide that in addition to any other enhancement or penalty provisions that may apply, (1) if a defendant has one prior felony conviction, as defined, the determinate term, or minimum term for an indeterminate term, shall be twice the term otherwise provided as punishment for the current conviction, (2) if a defendant has 2 or more prior convictions, the term for the current felony conviction shall be an indeterminate term of imprisonment in the state prison for life with a minimum term of the indeterminate term at the greatest of (a) 3 times the term otherwise provided as punishment for each current felony conviction subsequent to the 2 or more prior felony convictions, (b) imprisonment in the state prison for 25 years, or (c) the term determined by the court for the underlying conviction, including any applicable enhancement or punishment provisions.

The bill would also provide, among other things, that probation shall not be granted nor shall the execution or imposition of sentence be suspended if the defendant has a prior felony conviction.

(2) The bill would declare that it is to take effect immediately as an urgency statute.

The people of the State of California do enact as follows:

SECTION 1.    Section 667 of the Penal Code is amended to read:

667. (a) (1) In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

(2) This subdivision shall not be applied when the punishment for all other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this subdivision to apply.

(3) The Legislature may increase the length of the enhancement of sentence provided in this subdivision by a statute passed by majority vote of each house thereof.

(4) As used in this subdivision, "serious felony" means a serious felony listed in subdivision (c) of Section 1192.7.

(b) This subdivision shall not apply to a person convicted of selling, furnishing, administering, or giving to a minor any methamphetamine-related drug or any precursors of methamphetamine unless the prior conviction was for a serious felony described in subparagraph (24) of subdivision (c) of Section 1192.7.

(b) It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.

(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following:

(1) There shall not be an aggregate term limitation for purposes of consecutive sentencing for any subsequent felony conviction.

(2) Probation for the current offense shall not be granted, nor shall execution or imposition of the sentence be suspended for any prior offense.

(3) The length of time between the prior felony conviction and the current felony conviction shall not affect the imposition of sentence.

(4) There shall not be a commitment to any other facility other than the state prison. Diversion shall not be granted nor shall the defendant be eligible for commitment to the California Rehabilitation Center as provided in Article 2 (commencing with Section 3000) of Chapter 1 of Division 3 of the Welfare and Institutions Code.

(5) The total amount of credits awarded pursuant to Article 2.5

(commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison.

(6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e).

(7) If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.

(8) Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law.

(d) Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as:

(1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction prior to the time of the current sentencing, converts the felony automatically, upon the initial sentencing to a misdemeanor. None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive:

(A) The suspension of imposition of judgment or sentence.

(B) The stay of execution of sentence.

(C) The commitment to the State Department of Health Services as a mentally disordered sex offender following a conviction of a felony.

(D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison.

(2) A conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

(3) A prior juvenile adjudication shall constitute a prior felony conviction for purposes of sentence enhancement if:

(A) The juvenile was 16 years of age or older at the time he or she committed the prior offense.

(B) The prior offense is listed in subdivision (b) of Section 707 of

Ch. 12

— 4 —

the Welfare and Institutions Code or described in paragraph (1) or (2) as a felony.

(C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law.

(D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code.

(e) For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement of punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction:

(1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction.

(2) (A) If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of:

(i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions.

(ii) Imprisonment in the state prison for 25 years.

(iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046.

(B) The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other term imposed subsequent to any indeterminate term described in subparagraph (A) shall not be merged therein but shall commence at the time the person would otherwise have been released from prison.

(C) Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d). The prosecuting attorney shall plead and prove each prior felony conviction except as provided in paragraph (2).

(2) The prosecuting attorney may move to dismiss or strike a prior felony conviction allegation in the furtherance of justice pursuant to Section 1385, or if there is insufficient evidence to prove the prior conviction. If upon the satisfaction of the court that there is insufficient evidence to prove the prior felony conviction, the court may dismiss or strike the allegation.

(3) Prior felony convictions shall not be used in plea bargaining as defined in subdivision (b) of Section 1192.7. The prosecution shall

Ch. 12

— 5 —

plead and prove all known prior felony convictions and shall not enter into any agreement to strike or seek the dismissal of any prior felony conviction allegation except as provided in paragraph (2) of subdivision (f).

(h) All references to existing statutes in subdivisions (c) to (g), inclusive, are to statutes as they existed on June 30, 1993.

(i) If any provision of subdivisions (b) to (i), inclusive, or the application thereof to any person or circumstance is held invalid, that invalidity shall not affect other provisions or applications of those subdivisions which can be given effect without the invalid provision or application, and to this end the provisions of those subdivisions are severable.

(j) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors.

SEC. 2. This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are:

In order to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious or violent felony offenses, and to protect the public from the imminent threat posed by those repeat felony offenders, it is necessary that this act take effect immediately.

## MEMORANDUM

TO:      ALL ATTORNEYS

FROM:    TERENCE HALLINAN

DATE:    April 4, 1996

RE:      Guidelines and Procedures in Three Strikes Cases

1. It is the policy of this office to exercise careful discretion in the application of the Three Strikes Law. This Office will strike a prior felony conviction in the furtherance of justice or where there is insufficient evidence to prove a prior conviction.

2. In determining whether it is in the interest of justice to strike a prior conviction alleged under Penal Code Section 667(c), the Office will consider all available information, including the seriousness of the new offense, and the nature, circumstances and age of the prior convictions. Absent extraordinary circumstances, it is the policy of this Office that if the new offense is not a violent felony within the meaning of Penal Code Section 667.5(c) ("violent felony") or a serious felony within the meaning of Penal Code Section 1192.7 ("serious felony"), the Three Strikes Law will not be applied.

3. The decision to strike a prior felony conviction under the Three Strikes Law will not be used in plea bargaining.

4. All serious or violent felony convictions will be alleged at the time of filing the new offense. Juvenile adjudications will not be alleged. If it is unclear at the time the new offense is charged whether a prior conviction was a serious or violent felony, documentation should be ordered and reviewed before the prior conviction is alleged as a strike.

5. A Three Strikes Committee, chaired by the chief of the Criminal Division, will meet on a regular basis to discuss the application of this policy to each Three Strikes case charged. The Committee shall report to the District Attorney and the Chief Assistant District Attorney. In the event the Committee cannot agree on the appropriate application of this policy to a given case, the Chair shall confer with the District Attorney or the Chief Assistant to resolve the matter. No prior offenses may be stricken without the consent of the Committee, the District Attorney, or the Chief Assistant District Attorney. No case may proceed to trial (or be disposed of pre-trial) as a three strikes

case without review by the District Attorney.

6.   To facilitate the application of this policy, all Three Strikes cases should be identified on the charging sheet by marking "3" on the upper left hand corner.  A notation will also be made on the file tab.  At the earliest possible date after charging and after documentation has been received on the prior offenses, it is the responsibility of the assistant district attorney assigned to the case to bring the matter to the Committee for its consideration.  The responsible assistant district attorney shall provide the Head of the Intake Unit with a copy of the police report number and court number for every charged Three Strikes case and shall also complete a tracking form.  When the file is closed, the completed tracking form shall be forwarded to the Head of the Intake Unit for compilation.

# SPECIAL DIRECTIVE 00-02

## PRELIMINARY MATTERS

All qualifying prior felony convictions **shall** be alleged **in** the pleadings pursuant to Penal Code Section 1170(d)(1). Prior to seeking dismissal of ANY strike, the **prior** strike case files shall be **reviewed**, if **available**, in order to fairly evaluate mitigating **and aggravating** factors. If **it is determined that** proof **of** a prior **strike** cannot be obtained or **that the** alleged **strike** is inapplicable, dismissal of **the** strike **shall be** sought **after** obtaining approval of the appropriate Head Deputy.

## PRESUMED THIRD STRIKE CASES

If a defendant **has** two or more qualifying prior felony **convictions, the case is** **PRESUMED** to be a Third Strike case warranting a **minimum** 25 **years-to-life** sentence when at least one of the new **charged** offenses **is a serious or violent felony** or is **any** controlled substance **charge** in which **an** additional enhancement pursuant to **HEALTH AND SAFETY CODE** Sections 11370.4 or 11379.8 is **alleged.**

This presumption may be **rebutted. If the** current offense does not **involve the** use or **possession** of a firearm or deadly **weapon, injury to** a victim, **violence** or the threat of **violence**, the Head Deputy **may** authorize seeking dismissal of a strike after **consideration of all** of the **following**:

1. Remoteness of the strikes.

2. Whether **the** strikes involved the use **or** possession **of a** weapon, **injury** to a victim, violence or the threat of violence.

3. Whether **the** strikes arose from one **incident** or transaction, and

4. Any other **mitigating** or aggravating **factors** enumerated in the California Rules of Court, **Rules** 421 **and** 423.

## PRESUMED SECOND STRIKE CASES

If a defendant **has** two or more qualifying **prior** felony convictions, **the case is** **PRESUMED** to be a Second Strike case **if none of the charged offenses is a serious or violent** felony or is any controlled substance charge in which **an** additional **enhancement pursuant to HEALTH AND SAFETY CODE** Sections 11370.4 or 11379.8 is **alleged**.

This presumption may be rebutted. The **Head Deputy may** decline to seek dismissal of **a** strike if the current offense **involves the** use or possession of a firearm or deadly weapon, **injury** to a victim, violence or the threat of **violence**.

If in the judgment of the Head Deputy, factors other than those enumerated above warrant a Third Strike sentence, that recommendation supported by a written memorandum should be referred to the appropriate Bureau Director for final decision. The memorandum should include an evaluation of the seriousness of the current crime, the facts underlying the prior convictions and the defendant's character, background and any other aggravating and mitigating factors set forth in the California Rules of Court, Rules 421 and 423.

In all instances where a case is pursued as a Second Strike case, all Penal Code Section 667.5(b) priors shall be pled and proved or admitted.

## DOCUMENTATION OF THIRD STRIKE CASES

1. The Head Deputy shall prepare a Head Deputy Third Strike Disposition report in all Third Strike Cases.

2. This report shall be prepared in every case in which the pleadings at any stage of the proceedings allege two or more strikes against a defendant.

3. The original report shall be placed in the District Attorney case file. A copy shall be sent to the appropriate Bureau Director within five days after the case is concluded. A file of all Third Strike Disposition Reports shall be maintained in the office of the Head Deputy.

4. If a Head Deputy authorizes dismissal of a strike in a presumed Third Strike case, the traditional Disposition Report shall discuss the applicability of the factors set forth in this Special Directive.

5. If a Head Deputy authorizes prosecution as a Third Strike case in a presumed Second Strike case, the traditional Disposition Report shall discuss the applicability of the factors set forth in this Special Directive.

## SECOND STRIKE CASES

In a case with only one qualifying strike, the Head Deputy may authorize

seeking the dismissal of a strike in the interests of justice and agree to an appropriate prison or probationary sentence ONLY when:

1. The current offense is not a serious or violent felony; and

2. The strike offense occurred more than 10 years ago; and

3. The strike offense did not involve the use or possession of a firearm or deadly weapon, injury to a victim, violence or the threat of violence; and

4. There exist mitigating factors enumerated in the California Rules of Court, Rules 421 and 423.

Whenever a Head Deputy authorizes seeking the dismissal of a strike pursuant

C7

to this section, a traditional Disposition Report shall be prepared.

## CASE SETTLEMENT

The decision of whether or not to seek dismissal of a strike SHALL be made at the earliest practicable stage. Once that decision is made, it shall be promptly communicated to the court and defense counsel. This procedure shall be followed even if a defendant chooses to proceed to trial.

oOo

---



12/28/00

## MEMORANDUM

TO:                 ALL HEAD DEPUTIES AND DEPUTIES-IN-CHARGE

FROM:               STEVE COOLEY
                    District Attorney

SUBJECT:            CLARIFICATION OF THREE STRIKES POLICY (SD 00-02)

DATE:               MARCH 29, 2001


Implementation of the new Three Strikes Policy (SD 00-02) is currently being evaluated to effect uniform application throughout our office. Please keep in mind that the purpose of the new policy is to avoid disproportionately harsh sentences for relatively minor crimes while ensuring that habitual criminal offenders receive longer prison sentences.    The following should provide guidance.

The phrase "serious or violent felony" in the new Three Strikes Policy refers to the crimes listed in Penal Code Sections 667.5(c) and 1192.7(c).

In all strike cases, including Presumed Third Strike, Presumed Second Strike and Second Strike cases, Head Deputy approval is required before a deputy may move to dismiss any prior strike(s).

### I. PRESUMED THIRD STRIKE CASES

When a deputy seeks to have one or more prior strike convictions dismissed by the trial court in a Presumed Third Strike case, Bureau Director approval is not required. However, submission of a Head Deputy Three Strikes Disposition Report and a traditional Disposition Report to the appropriate Bureau Director is required after the case has concluded.

### II. PRESUMED SECOND STRIKE CASES

A Presumed Second Strike case is every case in which a defendant has two or more prior strike convictions and the current charges, regardless of the underlying circumstances, do not include any serious or violent felonies under Penal Code Sections 667.5(c) or 1192.7(c), or any drug charges with weight enhancements. You should carefully review every Presumed Second Strike case to determine whether or not it should be prosecuted as a Third Strike case.

Without exception, your intention to prosecute any Presumed Second Strike case as a Third Strike case requires prior Bureau Director approval. To obtain such approval, a written memorandum setting forth the Head Deputy's reasons shall be submitted to the appropriate Bureau Director.    As

C9

indicated in SD OO-02, the Head Deputy's recommendation shall provide factual detail as to the seriousness of the current crime; the circumstances underlying all of the defendant's prior strikes; the defendant's character and background, including prior criminal conduct; and any aggravating or mitigating factors in California Rules of Court, Rules 4.421 and 4.423. The Director shall then decide whether or not the case will be prosecuted as a Third Strike case.

### A.    Sentence Recommendations in Presumed Second Strike Cases

The appropriate sentence recommendation (low, middle or high term, plus enhancements, including those for prior prison terms) in a Presumed Second Strike case is determined by using the same criteria as in any other criminal case. Such sentence recommendations should not automatically be high term because one or more prior strike convictions have been stricken. However, any stricken prior conviction(s) may be considered in fashioning an appropriate sentence recommendation and may often justify a maximum sentence.

### B.    Timing of Request to Dismiss Prior Strike Conviction(s) in Presumed Second Strike Cases

In all Presumed Second Strike cases, the intent to move to dismiss one or more strikes and seek a more proportionate second strike sentence shall be communicated to the defense and the court at the earliest practicable stage. However, when a defendant wishes to proceed to trial and does not admit the strike priors, deputies may prove all of the strike priors and move the court to dismiss all but one of them after a guilty verdict. This procedure is intended to avoid situations where prior strikes are dismissed before trial and the remaining strike ultimately cannot be proven.

### III. SECOND STRIKE CASES

In all Second Strike cases, a Head Deputy may authorize seeking dismissal of the sole, prior strike conviction at any time during the proceedings, but only when:

> 1. the current offense is not a serious or violent felony; the prior strike conviction date was more than 10 years ago; the prior strike did not involve the use or possession of a firearm or deadly weapon; and the prior strike did not involve actual physical injury to a victim;

> or

> 2. there are substantial mitigating factors as set forth in California Rules of Court, Rule 4.423.

In making this decision, a Head Deputy need not seek Bureau Director approval. However, whenever a Head Deputy authorizes seeking the dismissal of a strike in a Second Strike case, the

2

Head Deputy shall prepare a traditional Disposition Report at the conclusion of the case and submit it to the appropriate Bureau Director.

Second Strike cases rarely result in disproportionate sentences. Therefore, a defendant with a prior strike conviction should receive an increase in punishment compared to a defendant without a prior strike conviction.

## A.  Sentence Recommendations in Second Strike Cases

The appropriate sentence recommendation (low, middle or high term, plus enhancements, including those for prior prison terms) in a Second Strike case is determined by using the same criteria as in any other criminal case.   Such sentence recommendations should **not** automatically be high term because the prior strike conviction was stricken. However, the stricken prior conviction may be considered in fashioning an appropriate sentence recommendation and may often justify a maximum sentence.

sgb/jl

3

S  E  R  V  I  C  E

GATLIN            # _____

          v.      CERTIFICATE OF SERVICE

TILTON

_____/

I declare that I am over the age of 18 and a party to the cause of action.
I declare that I serviced the below party(s) with copy of (HABEAS CORPUS)
and that I depositing copy in the U.S. Mail at Vacaville, CA.


Clerk of the Court                    Office of Attorney General

U.S. District Court (Northern)        455 Golden Gate Avenue

450 Golden Gate Avenue                San Francisco, CA 94102

San Francisco, CA 94102


I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF THE UNITED STATES THAT THE
FOREGOING IS TRUE. THIS SERVICE WAS EXECUTED ON JULY 11, 2007 AT VACAVILLE, CA.


                              FREDERICK GATLON