1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | ROSS C. MOODY
Deputy Attorney General
5 | JULIET B. HALEY, State Bar No. 162823
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
7 | Telephone:  (415) 703-5960
Fax:  (415) 703-1234
8 | Email:  Juliet.Haley@doj.ca.gov

9 | Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **FREDERICK GATLIN,** | C 07-03696 CW (PR) |
| Petitioner, | **MOTION TO DISMISS PETITION AS UNTIMELY** |
| v. | |
| **JAMES TILTON,** | |
| Respondent. | |

Respondent hereby moves to dismiss the petition for writ of habeas corpus for failure to comply with the statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA) in 28 U.S.C. § 2244(d).

A motion to dismiss in lieu of an answer on the merits is proper where the petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee Notes; *see also Jablon v. Dean Whitter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (motion to dismiss proper if time bar is clear from face of complaint).

1  We have not noticed a hearing date because petitioner is an incarcerated state prisoner who
2  is representing himself in this action.

### STATEMENT OF THE CASE

4  On November 9, 1998, petitioner was convicted in Santa Clara Superior Court of vehicle
5  theft (Vehicle Code § 10851) and at least two prior serious felonies (robberies) were found to be true
6  within the meaning of Penal Code section 1170.12. Petitioner was sentenced to twenty-five years
7  to life pursuant to California's Three Strikes law. Pet. at 2; Resp. Exh. 1. Petitioner appealed the
8  judgment which was affirmed by the California Court of Appeals on August 2, 2000. Resp. Exh.
9  2. Petitioner filed a petition for review which was denied by the California Supreme Court on
10 October 18, 2000. Resp. Exh. 3.

11 Approximately six years later, petitioner began a collateral attack on his judgment, filing
12 his habeas petition in Santa Clara County Superior Court on September 28, 2006. Resp. Exh. 4
13 Said petition was denied on October 30, 2006 Exh. 5. Petitioner then proceeded to the California
14 Court of Appeal, filing a habeas petition in that court on December 6, 2006, which was denied on
15 December 21, 2006 Resp. Exh. 6. On January 16, 2006, petitioner filed a habeas petition in the
16 California Supreme Court (S149470) which was denied on June 20, 2007. Resp. Exh. 7. Petitioner
17 filed a second habeas petition (S152296) before the same court May 1, 2007, which was denied also
18 denied on June 20, 2007. Resp. Exh. 8.

19 Petitioner filed the instant federal habeas petition on July 18, 2007.

### ARGUMENT

### THE PETITION IS UNTIMELY

23 Petitioner's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996
24 ("AEDPA"), which applies to all cases filed after its effective date of April 24, 1996. *Lindh v.*
25 *Murphy*, 521 U.S. 320 (1997). Whereas prior law imposed few meaningful time constraints on the
26 filing of federal habeas petitions, the AEDPA imposes a one-year statute of limitations. 28 U.S.C.
27 § 2244(d). The year commences on the latest of (A) the date on which the judgment became final
28 by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date

1  on which the impediment to filing an application created by State action in violation of the
2  Constitution or laws of the United States is removed, if the applicant was prevent from filing by such
3  State action; (C) the date on which a constitutional right is newly recognized and made retroactively
4  applicable; or (D) the date on which the factual predicate of the claim presented could have been
5  discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

6  Judged by these principles, and in the absence of any other factual assertion by petitioner,
7  the year in this case commenced on "the date on which the judgment became final by the conclusion
8  of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).
9  The state court judgment became final 90 days after the California Supreme Court denied the
10 petition for review. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

11 Thus, absent any tolling, petitioner had until January 16, 2002  (90 days from October 18,
12 2000, plus one year)  to file a timely federal petition. *Patterson v. Stewart*, 251 F.3d 1243 (9th Cir.
13 2001).  Petitioner did not file the instant federal petition, however, until July 18, 2007.

14 While a petitioner is entitled to tolling during the pendency of any "properly filed
15 application for State post-conviction or other collateral review with respect to the pertinent judgment
16 or claim" 28 U.S.C. § 2244(d)(2),  the filing of such petitions cannot revive the statute of limitations
17 once it has expired.   *Fergusun v. Palmateer*,  321 F.3d 820, 823 (9th Cir. 2003).   Here, petitioner
18 filed his first state habeas petition in the Santa Clara Superior Court more than five years after the
19 statute of limitations had expired.

20 Thus, the present federal habeas petition,  having been filed years after the statute expired,
21 is untimely and must be dismissed.

22 ///
23 ///
24 ///
25
26
27
28

Motion To Dismiss Petition As Untimely - *Gatlin v. Tilton* - C 07-03696 CW (PR)

**CONCLUSION**

Accordingly, respondent respectfully requests that the petition be dismissed as untimely.

Dated: October 29, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

ROSS C. MOODY
Deputy Attorney General


 /s/ Juliet B. Haley

JULIET B. HALEY
Deputy Attorney General
Attorneys for Respondent

20111284.wpd
SF2007402519

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Frederick Gatlin v. James Tilton**

No.:   C 07-03696 CW (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>October 29, 2007</u>, I served the attached

**MOTION TO DISMISS PETITION AS UNTIMELY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Frederick Gatlin**
**P-19908**
**California Medical Facility**
**P-141-L**
**P.O. Box 2000**
**Vacaville, CA 95696-2000**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 29, 2007, at San Francisco, California.

|  |  |
|---|---|
| J. Wong | J Wong |
| Declarant | Signature |

20111425.wpd