Name

Address **California Medical Facility**

**P.O. Box 2000**

**Vacaville, CA 95696**

CDC or ID Number    **P#19908**

# F I L E D

SEP 2 8 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara

By _____ Deputy

S. Chua

STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

*(Court)*

---

| |
|---|
| IN RE: FREDERICK GATLIN |
| Petitioner |
| vs. |
| ON PETITION OF HABEAS CORPUS |
| Respondent |

**PETITION FOR WRIT OF HABEAS CORPUS**

No.  *199164*

*(To be supplied by the Clerk of the Court)*

---

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

---

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

8.  **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

_____

_____

### SEE ATTACHED PAPERS

_____

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

_____

_____

_____

_____

_____

### SEE ATTACHED PAPERS

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

_____

_____

### SEE ATTACHED PAPERS

_____

_____

MC-275 [Rev. January 1, 1999]                **PETITION FOR WRIT OF HABEAS CORPUS**                Page three of six

**7. Ground 2 or Ground** _____ *(if applicable):*

SEE ATTACHED PAPERS

a. Supporting facts:

SEE ATTACHED PAPERS

b. Supporting cases, rules, or other authority:

SEE ATTACHED PAPERS

## TABLE OF CONTENTS

(I)    Jurisdiction


(II)   Order To Show Cause & Appointment Of Counsel


(III)  Evidentiary Hearing


(IV)   Claims

    (*) Insufficient Evidence On 3-Strike Prior Convictions

    (*) 3-Strike Law Is Un-Constitutional Due To Equal Protection
        Violation Based On Prosecution Application Within Counties

    (*) 3-Strike Law Is Un-Constitutional Due To Voters Passing
        An Illegal Urgency Initiative Law When Only Government
        May Pass Urgency Laws

    (*) 3-Strike Law Is Un-Constitutional Due To Double Jeopardy
        Violation Based On The Fact That The Current Conviction
        Is Not Repetitive Or Characteristic Of Prior Convictions

    (*) 3-Strike Law Is Un-Constitutional Due To Cruel & Unusual Punishment

    (*) Breach of Contract/Pleabargain By the State

(V)    Remedy & Relief

(I) <u>JURISDICTION</u>:

Petitioner presents his Petition for Writ of Habeas Corpus under the authority of <u>U.S. Const., Art 1, Sec 9, Cl 1</u>; <u>Calif. Const., Art 6, Sec 10</u>; and <u>Penal Codes 1473-1505</u> but cf, <u>28 U.S.C. 2241</u> & <u>2254</u>.

The courts has stated that petitioners may bring a habeas action when their constitutional or statutory rights have been violated, <u>Coleman v. Thompson</u>, 501 US 722, 749-750 (1991); <u>In re Williams</u>, 183 Cal 11, 14 (Cal,1920).

A habeas corpus is a collateral attack against a final judgement of criminal conviction, the petitioners bears a heavy burden to plead sufficient grounds for relief, all presumptions favor the truth and accuracy of the conviction, the defendant has the burden to overturn them, <u>People v. Gonzales</u>, 51 Cal 3d 1179, 1260 (Cal,1990).

The petition should state fully the facts and law relied upon for relief, <u>People v. Karis</u>, 46 Cal 3d 612, 656 (Cal,1988); the petition must include copies of any reasonable documentary evidence supporting claims for relief such as transcripts or declarations, <u>In re Harris</u>, 5 Cal 4th 813, 827 (Cal, 1993).

(II) <u>ORDER TO SHOW CAUSE</u> & <u>APPOINTMENT OF COUNSEL</u>:

Petitioner is challenging the constitutionality of an invalid law (i.e. <u>Penal Codes 667</u> & <u>1170.12</u>) and may raise the claim in a successive petition, <u>In re Clark</u>, 5 Cal 4th 750, 797-798 (Cal,1993). A miscarriage of justice is being alleged which justifies further a successive petition, <u>In re Robbins</u>, 18 Cal 4th 770, 780-781 (Cal,1998); <u>McClesky v. Zant</u>, 449 US 467, 494 (1991).

The factual & legal predicates have been established within the habeas to issue an "Order To Show Cause" for review, <u>In re Sixto</u>, 48 Cal 3d 1247, 1251-1252 (Cal,1989) and <u>People v. Romero</u>, 8 Cal 4th 728, 739 (Cal,1994)

In the interest of justice and to facilitate and expedite these proceedings, petitioner move the court to appoint counsel in this matter due to the issues being sophisticated and complex and petitioner being disadvantaged to argue his case due to his incarceration, People v. Barton, 21 Cal 3d 513, 519 n.3 (Cal,1978) and People v. Banner, 3 Cal App 4th 1315, 1325 (Cal.App.Ct.1992).

(III) EVIDENTIARY HEARING:

Although petitioner is a pro per in this litigation, the court must grant deference to his pleading due to him not being an attorney, Maleng v. Cook, 490 US 488, 493 (1989); and hold his pleadings to a lesser standard compared to works by skilled lawyers, Haines v. Kerner, 404 US 519, 520 (1972).

The court is moved for an evidentiary hearing to plead and prove the claims being raised herein and with counsel instead of adjudicating matter from a cold record compared to in court litigation of the claims, Keeney v. Tamayo-Reyes, 504 US 1, 11-19 (1992); In re Saunders, 2 Cal 3d 1033, 1047-1048 (Cal,1970) and In re Fields, 51 Cal 3d 1063, 1070 (Cal,1990).

It is noted, the evidentiary hearing is justified and needed due to a miscarriage of justice claim and challenge to an invalid statute is being made for relief.


///


///


///

4(b)

(IV) CLAIMS:

Ground#1: INSUFFICIENT EVIDENCE ON PRIOR CONVICTIONS WHICH WARRANTS
REVERSAL OF JUDGEMENT AND REMAND FOR RESENTENCING...

Petitioner contends that the state did not meet its burden in convicting
petitioner on his prior convictions on the below offenses:

(*) PC 211/Robbery (#64145)

(*) PC 211/Robbery (#64145)

(*) Santa Clara County

Under the 3-strikes law Penal Codes 667(b)-(i) & 1170.12(a)-(d), the
state must prove the "prior convictions" just like the "current conviction"
with the standard of beyond a reasonable doubt on all elements of the offense
and not by a mere prependerance of the evidence, see; People v. Monge, 16 Cal
4th 826, 833 (Cal,1997) and Monge v. California, 524 US 721, 724, 726-727
(1998).

The state during the bi-furcation of the priors introduced what is common-
ly called a ("969b-package") to prove the priors or what Penal Code 969b
calls; prison photographs, prison identification cards, prison finger print
cards to make a prima facie showing of a defendants commitment into the
facility to prove a conviction. Nevertheless, the submissions of these docu-
ments only make a prependerance of evidence showing per United States v.
Romero-Rendon, 220 F3d 1159, 1164 (9th Cir,2000).

California's 3-strikes law call for a minimum of 25-years to life for any
defendant who suffered at least 2-prior violent convictions per Penal Code
667.5(c) and/or serious convictions per Penal Code 1192.7(c); generally see,
Monge, supra, 524 US at 724-726; and any new current conviction.

In petitioners prior strike hearing, the state only showed the least ad-
judicated elements when it introduced fingerprint cards, photo identifications,

4(c)

and an abstract of judgement to prove the priors; this presentation of the
evidence does not prove each element beyond a reasonable doubt, see <u>Gill v.
Ayers</u>, 342 F3d 911, 914 (9th Cir,2003) citing <u>People v. Rodriguez</u>, 17 Cal 4th
253, 261-263 (Cal,1998).

It is noted, the fact that petitioner did not have his priors elements
proven beyond a reasonable doubt as pronounced in <u>Menge</u>, supra,, but cf,
<u>In re Winship</u>, 397 US 358, 363 (1975) (i.e. all elements to an offense must
be proven beyond a reasonable doubt to sustain conviction) should give pause.
The government only showed the least adjudicated elements per <u>Gill</u>, supra,
by not going beyond the record to prove all elements but instead relied on
prison records and a court abstract of judgement which does not prove any
elements of the offense.

The fact that petitioner pled guilty to prior offense also does not sus-
tain a conviction for proving elements beyond a reasonable doubt. The courts
has stated, "the government must prove the relevant conduct....(a)nd they
must not rely on guilty pleas as admitting more than the facts essential
to the validity of a conviction, <u>United States v. Cazares</u>, 112 F3d 1391,
1396-1398 (9th Cir,1997). Petitioners due process rights under <u>U.S. Const.,
Amend. 14</u> and <u>Calif. Const., Art 1, Sec 15</u> were violated.


## CONCLUSION

Petitioner move the court to reverse his prior convictions for insufficient
evidence as the state failed to prove all of the elements beyond a reasonable
doubt and only showed the least adjudicated elements. The court is moved to
remand petitioner for resententing.

4(d)

Ground#2: 3-STRIKE LAW IS UN-CONSTITUTIONAL DUE TO EQUAL PROTECTION
VIOLATION BASED ON PROSECUTION APPLICATION WITHIN COUNTIES...

Petitioner contends that the 3-strikes law Penal Codes 667 & 1170.12 are
unconstitutional based on Equal Protection violations within the meaning of
the U.S. Const., Amendment 14, and Calif. Const., Art 1, Sec 24.

The California 3-strikes laws calls for in the minimum 25-years to life
sentence for any defendant who has suffered a prior violent felony within
the meaning of Penal Code 667.5(c) and/or a serious felony within the meaning
of Penal Code 1192.7(c) and any current felony irregardless if it is violent,
serious, non-violent, or non-serious. As long as the defendant has suffered
any 2-types of violent/serious prior convictions and any current conviction
for a felony offense, the law triggers a life sentence.

Federal Supreme Court law states that similarly situated persons must be
treated the same, see F.S. Royster Guano Co. v. Virginia, 253 US 412, 415
(1920). The law can't lay an unequal hand harsher on some defendants and use
a hand more lenient on another when the individuals are similarly situated
without violating equal protection laws, Skinner v. Oklahoma, 316 US 535, 541
(1942); and Ramirez v. Castro, 365 F3d 755, 770-772 (9th Cir, 2004).

California has 58-counties within the state and depending on which county
a defendant is prosecuted in, some defendants receive a 3-strike 25-year to
life sentence while others do not due to some prosecutors within particular
counties who have implemented a non-three strike policy for defendants with
non-violent & non-serious 3rd felonies.

Case in point, see the attached (EX#A), the County of San Francisco and
the County of Los Angeles have implemented such non 3-strike policies for
defendants with non-violent/non-serious 3rd felonies in which these defendants
do not receive 25-year to life sentences juxtaposed to defendants who are pro-
secuted outside of these counties mentioned above.

Below are the prior violent and/or serious prior convictions used that the state charged against this petitioner as strikable offenses:

PRIOR CONVICTION: (Year) __1976__    (Charge) __PC 211 (#64145)__

PRIOR CONVICTION: (Year) __1976__    (Charge) __PC 211 (#64145)__

PRIOR CONVICTION: (Year) _____    (Charge) _____

Below are and/or is the current non-violent and non-serious current conviction that petitioner was charged with that is not listed as a violent or serious felony within the meaning of P.C. 667.5(c) & P.C. 1192.7(c):

CURRENT CASE:    (Year) __1997__    (Charge) __VC 10851 (#199164)__

CURRENT CASE:    (Year) _____    (Charge) _____

Petitioner contends that had he been prosecuted in (SAN FRANCISCO COUNTY) from (1996-2005) he would not have received a 25-year to life sentence nor had he been prosecuted in (LOS ANGELES COUNTY) from (2000-2005) neither would he received a life sentence for his offense. Since petitioner is from the (COUNTY: __Santa Clara__) which does not have a non 3-strike policy for non-violent/non-serious 3rd felonies, this is why he received a life sentence. The court is moved to conduct within its analysis a ("Scrict Scrutiny") test as pronounced in Plyer v. Doe, 457 US 202, 216-217 (1982); Hoffman v. U.S., 767 F2d 1431, 1434-1436 (9th Cir,1985) and the ("Rational Standard") test as pronounced in Vance v. Bradley, 440 US 93, 97 (1979); Joyner v. Mofford, 706 F2d 1523, 1531 (9th Cir,1983) for equal protection violations regarding how similarly situated persons facing 3-strike life sentences with some defendants receiving indeterminate sentences and others are not based on county residence.

## CONCLUSION

Petitioner move the court to strike-down the 3-strike law P.C. 667 and P.C. 1170.12 for equal protection violations and remand petitioner to trial court for resentencing based on said equal protection claims.

4(f)

Ground#3: 3-STRIKE LAW IS UN-CONSTITUTIONAL DUE TO VOTERS PASSING
         AN ILLEGAL URGENCY INITIATIVE LAW WHEN ONLY THE GOVERNMENT
         MAY PASS URGENCY LAWS...

Petitioner contends that the 3-strike law Penal Code 1170.12(a)-(d) is unconstitutional based on Due Process violations within the meaning of the U.S. Const., Amendment 14, and Calif. Const., Art 1, Sec 7-14, 24.

The state charged petitioner with violating both 3-strike laws of California as passed in March (1994) by the Legislature, Penal Code 667(b)-(i) and as passed in November (1994) by the Voters, Penal Code 1170.12(a)-(d).

The constitutionality of a "statute" may be challenged whether by the Legislature, U.S. v. Salerno, 481 US 739, 745 (1987) and/or whether enacted by the Electorate/Voters. The Courts has stated that ("Voters") may not pass unconstitutional laws no more than the ("Legislature or Government") may do so, Citizens Against Rent Control v. Berkeley, 454 US 290, 295 (1981).

Federal law permits the courts to reach the ("state") claims before the ("federal") claims, see; Vernon v. City of Los Angeles, 27 F3d 1385, 1391 (9th Cir,1994) and Acton v. Vernonia School District 47J, 23 F3d 1514, 1519 (9th Cir,1982). Please judicial notice the below California two 3-strike laws per Fed.R.Evid. 201; Calif. Evid. Code 450-459; Florida v. Riley, 488 US 445, 465 (1989) and Alvarado v. Superior Court, (Cal,2000) 23 Cal 4th 1121, 1151.

----------------------------

| Penal Code 667(b)-(i) Assembly Bill #971 March (1994) | Penal Code 1170.12(a)-(sec.4) Proposition #184 November (1994) | |
|---|---|---|
| P.C. 667(b)(c)(1)-(8)................ | P.C. 1170.12(a)(1)-(8) | ("SAME") |
| P.C. 667(d)(1)-(3)................ | P.C. 1170.12(b)(1)-(3) | ("SAME") |
| P.C. 667(e)(1)-(2)................ | P.C. 1170.12(c)(1)-(2) | ("SAME") |
| P.C. 667(f)(1)-(2)................ | P.C. 1170.12(d)(1)-(2) | ("SAME") |
| P.C. 667(g)................ | P.C. 1170.12(e) | ("SAME") |
| P.C. 667(h)................ | P.C. 1170.12(sec.2) | ("SAME") |
| P.C. 667(i)................ | P.C. 1170.12(sec.3) | ("SAME") |
| P.C. 667(j)................ | P.C. 1170.12(sec.4) | ("SAME") |

4(g)

Only the Gov't may pass (URGENCY LAWS), Calif. Const., Art 4, Sec 8(d); Rossi v. Brown, 9 Cal 4th 686, 721 n.4 (Cal,1995). The Voters are barred from passing (URGENCY LAWS VIA REFERENDUMS), Calif. Const., Art 2, Sec 9(a); Assembly v. Duekmejian, 30 Cal 3d 638, 654-656 (Cal,1982). Therefore, they may not circumvent the constitution in a backhand technique to enact or pass (URGENCY LAWS VIA INITIATIVES), Calif. Const., Art 2, Sec 8(a); Wheeler v. Herbert, 152 Cal 224, 237 (Cal,1907); Rossi, supra, 9 Cal 4th at 716, 720-721, 736-737 and Meyers v. City of Pismo Beach, 241 Cal App 2d 237, 243 (1966).

The federal courts has stated do do so would permit the people to do ("indirectly") what they are forbidden to do ("directly"), see; Fairbanks v. United States, 181 US 283, 294 (1901) and Frick v. Pennsylvania, 268 US 473, 494-495 (1925). The courts has made §"1-Lone Exception"§ when the Voters may use the (INITIATIVE) when barred to do by (REFERENDUM) and that is when the Voters new-law either ("AMENDS/REPEALS") the old-law like the Voters recent Prop#66/P.C. 1170.12 (2004) attempted to amend the Gov't AB#971/P.C. 667(b)-(i) (1994) law, Rossi, supra, 9 Cal 4th at 705 n.9, 709.

The Voters Prop#184/P.C. 1170.12 (1994) did not amend or repeal the Gov't AB#971/P.C. 667 (1994), therefore making the Voters (1994) an illegal urgency law since only the Gov't has that authority to pass such laws.


### CONCLUSION

Petitioner move the court to strike down in its entirety the Voters illegal urgency law P.C. 1170.12 passed in (1994) as Prop#184 since it is a duplicate of the Gov't urgency law passed as P.C. 667 in (1994) under AB#971. Only the Gov't may pass (URGENCY LAWS) per Calif. Const., Art 4, Sec 8(d). The court is further moved to remand petitioner to trial court for resentencing pursuant to P.C. 667(b)-(i).

Ground#4: 3-STRIKE LAW IS UN-CONSTITUTIONAL DUE TO DOUBLE JEOPARDY
VIOLATION BASED ON THE FACT THAT THE CURRENT CONVICTION
IS NOT REPETITIVE OR CHARACTERISTICE OF PRIOR CONVICTIONS...

Petitioner contends that the 3-strikes laws Penal Code 667 & 1170.12 are

unconstitutional based on Double Jeopardy violations within the meaning of

the U.S. Const., Amendment 5 and Calif. Const., Art 1, Sec 15.

PRIOR CONVICTIONS:

| | | | |
|---|---|---|---|
| (*) Year: | 1976 | Charge: | PC 211/Robbery (#64145) |
| (*) Year: | 1976 | Charge: | PC 211/Robbery (#64145 |
| (*) Year: | | Charge: | |

CURRENT CONVICTIONS:

| | | | |
|---|---|---|---|
| (*) Year: | 1997 | Charge: | VC 10851/Joyriding (#199164) |
| (*) Year: | | Charge: | |

(A) THE MONGE COURT:

The courts has stated that ("double jeopardy") does not apply to challenges

on prior convictions because those proceedings are considered to be sentencing

proceedings irregardless if the state afford those proceedings procedural

safeguards that have the hallmarks of a trial setting, Monge v. California,

524 US 721, 724-728 (1998) citing People v. Monge, 16 Cal 4th 826, 830-834,

838-839 (Cal,1997) (e.g. California defendants may not challenge their prior

convictions under double jeopardy since double jeopardy may only attach to

the current offense).

Therefore, both federal & state Supreme Courts have foreclosed any challen-

ges to prior convictions on double jeopardy with the sole exception to death

penalty cases, Bullington v. Missouri, 451 US 430, 438 (1981); Nichols v.

United States, 511 US 738, 747 (1994); Monge, supra, 524 US at 726.

4(i)

(B) <u>THE WITTE COURT</u>:

The courts has stated that ("double jeopardy") applies only to challenges of current offenses within the meaning of the <u>U.S. Const., Amendment 5</u>. In order for a defendant to challenge his current offense under double jeopardy claims, he must show that the current offense is not a ("repetitive type") offense and/or showing the current offense being characteristice of a particular offense indicating that the defendant remains prone to a specific kind of anti-social behavior or activity, see; <u>Witte v. United States</u>, 515 US 389, 399-400 (1995); <u>Gryger v. Burke</u>, 334 US 728, 732 (1948).

Although the federal circuit and district courts spoke in ("dictum") on a double jeopardy 3-strike issue regarding the current offense of defendants being non-violent/non-serious and having no ("nexus") as being repetitive or characteristic to the violent & serious prior conviction under the <u>5th Amendment</u> due to the courts addressing within its ("holding") cruel & unusual punishment claims per the <u>8th Amendment</u>; nevertheless the courts did state that California's 3-strikes laws (i.e. <u>P.C. 667</u> & <u>1170.12</u>) may violate double jeopardy laws, see <u>Brown v. Mayle</u>, 283 F3d 1019, 1036 (9th Cir,2002) and also <u>Duran v. Castro</u>, 227 FSupp 2d 1121, 1129-1131 (E.D.Cal,2002) citing <u>Witte, supra</u>, 515 US at 399-400.


(C) <u>SENTENCING ENHANCEMENTS</u> & <u>HABITUAL CRIMINAL/CAREER CRIMINAL LAWS</u>:

As noted, increased punishments for recidivist offenders may be enacted without violation of double jeopardy laws, see; <u>Moore v. Missouri</u>, 159 US 673, 677 (1895) and <u>Graham v. West Virginia</u>, 224 US 616, 624 (1912). Petitioner move the court to take ("judicial notice") under <u>Fed.R.Evid. 201</u> of a "slew" of California sentencing enhancement schemes for habitual & criminal career laws that falls within the domain of the (MOORE COURT) above regarding increased punishments and per the criteria of the (WITTE COURT) in which a nexus must

4(j)

exist between the current & prior offenses with respect to the current offense being repetitive and characteristic of the prior offenses. See (WEST, 2005) or Calif. Penal Code (i.e. P.C.) where sentencing enhancements for current and prior convictions on habitual criminal & career criminal laws have a nexus: P.C. 667.51 (Lewd or Lascivious Act On Child Under 14: 3-similar acts); P.C. 667.6 (Prior Sex Offenses: 2-similar acts); P.C. 667.7 (Great Body Injuries: 3-similar acts); P.C. 667.70 (Murder: prior violent acts); P.C. 667.71 (Habitual Sexual Offender: 3-similar acts); P.C. 667.75 (Drug Offenses Involving Minors; prior serious acts); P.C. 667.8 (Kidnapping Victims To Commit Sex Offenses W/Victims Under Age 14: prior violent & serious acts); P.C. 999e (Career Criminal Act: 3-similar violent/serious offenses). All of the above habitual criminal & career criminal statutes above listed as enhanced sentencing laws per the (WITTE COURT) have a nexus regarding the violent/serious current offenses having a similar nature to the violent/serious prior convictions which are repetitive deeming the defendant anti-social due to a specific kind of behavior. Furthermore, the above statutes sentencing enhancement laws list the current & prior convictions as "violent or serious" pursuant to Calif. Penal Codes 667.5(c) & 1192.7(c).

However, California's 3-strike laws P.C. 667(b)-(i) & 1170.12(a)-(d) calls for a indeterminate 25-year to life sentence based on any (2) prior violent or serious convictions per P.C. 667.5(c) & 1192.7(c) and anytype of non-violent or non-serious offense which has no ("nexus") or relationship to the prior violent/serious convictions such as (i.e. P.C. 484/petty theft, P.C. 487/grand theft, P.C. 496/receiving stolen property, or VC 10851/joyriding in a car), see Monge, supra, 524 US at 724-728. It is contended that the state is violating the double jeopardy clause of the constitution as pronounced by the federal courts, Brown, supra, 283 F3d at 1036 & Duran, supra, 227 FSupp at 1129-1131.

4(k)

(D) VIOLENT/SERIOUS OFFENSE -vs- NON-VIOLENT/NON-SERIOUS OFFENSE:

Defendants with a (CURRENT VIOLENT & SERIOUS OFFENSE) qualify for the en-
hanced provisions without double jeopardy claims because their current offense
and prior offenses are listed as violent/serious felonies per P.C. 667.5(c)
and P.C. 1192.7(c) under the 3-strike laws P.C. 667(b)-(i) & 1170.12(a)-(d)
as pronounced by Judge Hon. L.K. Karlton in Duran v. Castro, 227 FSupp 2d 1121,
1129-1131 (E.D.Cal,2002) citing Witte,supra, 515 US at 400.

Defendants with a (CURRENT NON-VIOLENT & NON-SERIOUS OFFENSE) offense such
as petitioners: (OFFENSE: VC 10851/Joyriding (#199164)          ) violates the
3-strikes law P.C. 667 & 1170.12 because the offense is not a repetitive one
nor characteristic of his prior offenses showing a specific kind of conduct
and deeming him anti-social and incapable of being reformed/rehabilitated,
see Duran, supra, 227 FSupp 2d at 1129-1131 citing Brown v. Mayle, 283 F3d
1019, 1036 (9th Cir,2002) and Witte v. U.S., 515 US 389, 399-400 (1995); and
U.S. Const., Amend. 5.

The Double Jeopardy claim via the 5th Amendment is applicable for the States
thru the 14th Amendment, see; North Carolina v. Pearce, 395 US 711, 717 (1969).


## CONCLUSION

Petitioner move the court under the "severance clauses" of both 3-strike
laws P.C. 667 & 1170.12 to strike down those subdivisions that mandate defen-
dants to receive a 25-year to life indeterminate sentence with (CURRENT NON-
VIOLENT & NON-SERIOUS OFFENSES) due to "double jeopardy" violation of the law
since the current offense is not repetitive or characteristic of prior offense.
But the 3-strike law would apply to (CURRENT VIOLENT/SERIOUS OFFENSES) as is.
The court is moved to remand petitioner for resentencing due to double jeopardy
violations of the law.

Ground#5: 3-STRIKE LAW IS UN-CONSTITUTIONAL DUE TO CRUEL & UNUSUAL
PUNISHMENT VIOLATIONS AS APPLIED TO PETITIONER...

The State charged petitioner under California's 3-strikes laws Penal Codes
667(b)-(i) and 1170.12(a)-(d) (aka: Habitual Criminal Act) and sentenced him
to an indeterminate sentence with a minimum of 25-years to life, please see;
Monge v. California, 524 US 721, 724-728 (1998) citing People v. Monge, 16 Cal
4th 826, 830-834 (Cal,1997) (e.g. California law sentencing defendants to in-
determinate sentences for any defendant with at least 2-prior convictions for
violent or serious felonies and anytype of current felony).

Petitioner contends that the State's application of the 3-strikes law as
applied to him violates his federal and state rights within the meaning of
U.S. Const., Amendment 8 and Calif. Const., Art 1, Sec 17 (i.e. Cruel & Unusual
Punishment).

PRIOR CONVICTIONS:

(*) Year: __1976__        Charge: PC 211/Robbery (#64145)

(*) Year: __1976__        Charge: PC 211/Robbery (#64145)

(*) Year: _____      Charge: _____

CURRENT CONVICTIONS:

(*) Year: __1997__        Charge: VC 19851/Joyriding (#199164)

(*) Year: _____      Charge: _____


(A) STANDARD OF REVIEW:

In conducting a proportionality review, the court has identified four prin-
ciples that guide review: (1) the primacy of the legislature, (2) the variety
of legitimate penological schemes, (3) the nature of our federal system, and
(4) the requirement that proportionality review be guided by objective factors.

4(m)

The Eight Amendment does not require strict proportionality between crime and sentence. Under California's 3-strikes law, although the supreme court did not declare the total law unconstitutional and strike it down, they declared that relief is available on 8th Amendment violations based on cruel and unusual punishment in those remote and rare cases when the statutory punishment is unconstitutional when it arises to grossly disproportionate, Ewing v. California, 538 US 11, 23 (2003) and Andrade v. Lockyer, 538 US 63, 73 (2003).

Nevertheless, the supreme court did not lay out a criteria for what the "exceedingly & rare" case would be to meet the criteria for relief. However, other federal judiciary tribunals below the supreme court at the appellate level have established a 4-prong test, the law is still developing in the system. The U.S. Court of Appeals for the Ninth Circuit recently adjudicated a 3-strike case where a defendant had 2-prior violent/serious felonies and a current non-violent & non-serious felony. The court ruled that 3-striker defendants qualify for relief if they can show: (1) whether the crime involved the use of force, (2) whether weapons were present, (3) whether the crime was violent in nature, and (4) the length and type of sentence imposed, see Ramirez v. Castro, 365 F3d 755, 768 (9th Cir,2004) citing Ewing & Andrade, supra,.

The 8th Amendment to the United States Constitution applies to the states via the 14th Amendment, see; Robinson v. California, 370 US 660, 667 (1962); Ewing, supra, 538 US at 20, and Lockyer, supra, 538 US at 72.

Petitioner contends as noted on pp. 4(m) of this habeas action claim that his prior convictions are not violent felonies as listed on Penal Code 667.5(c) but are listed as serious felonies as pronounced per Penal Code 1192.7(c). It is further noted, petitioners current offenses are non-violent & non-serious and under the 8th Amendment of cruel & unusual punishment, this petitioner

4(n)

qualifies for the relief as cited in the supreme court cases claiming relief
may be granted for the rare & remote cases, Ewing, supra, 538 US at 11; and
Lockyer, supra 538 US at 73, but cf; Ramirez v. Castro, 365 F3d at 768.


(B) 3-PRONG ANALYSIS:

Both federal and state courts has layed out a three-prong test for relief
on such claims, a defendant only needs to prevail on 1-prong and not all three-
prongs for relief.

The courts has stated, a review may be conducted under: (a) The Current Of-
fense (i.e. the gravity of the offense and the harshness of the penalty). The
gravity of an offense can be assessed by comparing the harm caused or threat-
ened to the victim or society and the culpability of the offender with the
severity of the penalty, Solem v. Helm, 463 US 277, 292 (1983); In re Grant,
18 Cal 3d 1, 5-10 (Cal,1976). Petitioners current offense is non-violent and
non-serious: (i.e. Offense: VC 10851/Joyriding (#199164)   ), the gravity of
the offense does not render violence against any victim or society and the
penalty is grossly harsh with a sentence of 25-years to life with no time cre-
dits being able to be earned, In re Cervera, 24 Cal 4th 1073, 1076 (Cal,2001).
Under Ramirez, supra, 365 F3d at 768 4-prong test for relief regarding offense
and the offender, this petitioner meets the criteria for relief/resentencing.

The court has further stated, a review may be conducted under: (b) Intra-
jurisdictional Comparison (i.e. comparing penalty to other crimes considered
to be more serious/violent or severe along with its penalties). California's
3-strike law require a 25-year to life sentence for any non-violent/non-serious
offense such as (i.e. drug possession, possession of stolen property, check
writing, failure to register, joyriding, etc.,) coupled with 2-prior violent
or serious felonies. Compared to other serious crimes such as P.C. 187 (murder)

4(•)

25-years to life with time credits; P.C. 189-190 (2nd degree murder) 15-years
to life; P.C. 192-193 (voluntary manslaughter) 3-6-11 years; P.C. 207-208
(kidnapping) 3-5-8 years; P.C. 204 (mayhem) 2-4-8 years; P.C. 261, 264 (rape
& oral copulation) 3-6-8 years; P.C. 288 (child molestation) 3-6-8 years;
and P.C. 211-213 (robbery) 3-6-9 years, petitioners non-violent/non-serious
offense standing alone carries less than 3-years in prison compared to the
above cited violent/serious crimes listed under P.C. 667.5(c) & 1192.7(c) and
this defendants offense is not on the violent/serious crime strike-list. There-
fore, under this prong, Solem v. Helm, 463 US 277, 292 (1983); Rummel v. Es-
telle, 445 US 263, 272 (1980); Andrade v. Lockyer, 270 F3d 743, 761 (9th Cir,
2001); Duran v. Castro, 227 FSupp 2d 1121, 1132 (E.D.Cal,2002); and cf, In re
Lynch, 8 Cal 3d 410, 426 (Cal,1972), therefore petitioner meets relief.

  Finally, the court has stated, a review may be donducted under: (c) Inter-
jurisdictional Comparison (i.e. comparing penalties of similar offenses in
other jurisdictions outside of California). It is noted in (1993) when Polly
Klaus was killed by a recently released parolee, his crime of murder, kidnap-
ping, and sexual assault against the victim warranted a death sentence or ca-
pital punishment, the 3-strike law was passed after this incident. However,
the federal government initiated the 1st 3-strike law 18 USC 3559 and at least
12-states passed similar laws requiring all prior & current felonies to be
violent/serious felonies under their 3-strikes laws to qualify for a life sen-
tence such as; Alabama Code Sec. 13-A-5-6, Delaware Code Ann. Stat. 11 Sec. 4214,
Idaho Code Sec. 19-2514, Indiana Code Sec. 35-50-2-8.5, Mississippi Code Ann.
Sed. 99-19-83, Nebraska Rev. St. Sec. 29-2221, Rhode Island Gen. Laws Sec. 12-
19-21, South Carolina Code Ann. Sec 16-1-60, 17-25-45, Vermont Ann. Stat. Ch.
720 Sec. 338-1, 730, Sec. 5-8-1., Stat. 13, Sec. 11, Washington Rev. Code Ann.
Sec. 9.92.090, West Virginia Code Sec. 61-11-18, Wyoming Stat. Sec. 6-10-201.
  California is the only jurisdiction which requires the prior felonies to be

4(p)

violent/serious but for the current offense is non-violent or non-serious to trigger an indeterminate life sentence thus violating the 3rd prong of this interjurisdictional analysis, see; Harmelin v. Michigan, 501 US 957, 1001 (1991); U.S. v. Bajakajian, 524 US 321, 336-337 (1998); Ramirez v. Castro, 365 F3d 755, 772 (9th Cir,2004) and People v. Dillon, 34 Cal 3d 441, 478 (Cal,1983).

The court must decide the relevant factors to consider such as the facts of the current crime, the minor nature of the offense, the absense of aggravating circumstances, whether it is nonviolent, and whether there are rational gradations of culpability that can be made on the basis of the injury to the victim or to society in general, see; In re Foss, 10 Cal 3d 910, 919-920 (Cal,1974) and In re Lynch, supra, 8 Cal 3d at 425-426. Petitioner also under prong-3 meets the criteria for relief as California's 3-strike law when compared to other federal and state jurisdiction is the only 3-strike law in the nation which requires a "life-sentence" for a current non-violent/non-serious offense where as all other "jurisdictions" require for both prior & current felony convictions to be "violent and/or serious" for a life sentence.


## CONCLUSION

Petitioner move the court to declare California's 3-strikes laws Penal Codes 667 & 1170.12 as unconstitutional as applied to him for a violation of the 8th Amendment of the U.S. Constitution and Art 1, Sec 17 of the California Constitution, (i.e. cruel and/or unusual punishment). The court is moved to remand petitioner to trial court for resentencing in accordance with all of the laws cited herein.

///
///

Ground#6: BREACH OF CONTRACT & PLEABARGAIN BY THE STATE...


Petitioner contends that the State has breahhed his plea-bargain agreements
in violation of the Dua Process Clause of the U.S. Const., Amendment 14 and
Calif. Const.ọ Art 1, Sec 7-15 by imposing illegal enhancements of the 3-strike
laws Penal Codes 667 & 1170.12. Any defendant who has suffered (1) prior vio-
lent or serious conviction and subsequently convicted of a new felony receives
twice the base term and must serve 80% of the sentence; and any defendant who
has suffered (2) or more prior violent or serious felonies and subsequently
is convicted of any new felony received a sentence of 25-years to life, see;
Monge v. California, 524 US 721, 724-728 (1998) and People v. Monge, 16 Cal
4th 826, 830-859 (Cal,1997), cf; In re Cervera, 24 Cal 4th 1073, 1076 (Cal,2001)
and Andrade v. Calif. Attorney General, 270 F3d 743, 747-767 (9th Cir,2001),
rev'd on other grounds, Lockyer v. Andrade, 583 US 63 (2003).

Petitioner has suffered a prior convictions for the following or the
below offenses:

| (*) | PC 211/Robbery (#64145) | (Year) | 1976 |
| (*) | PC 211/Robbery (#64145) | (Year) | 1976 |
| (*) | | (Year) | |

Petitioner also have been convicted of the current offense in which he
was convicted and sentenced under the 3-strike law PC 667 & PC 1170.12:

| (*) | VC 10851/Joyriding (#199164) | (Year) | 1997 |
| (*) | | (Year) | |

The violent and serious felony list was added to California statutes via
Penal Code(s) 667.5 & 1192.7, see; People v. Harris, 49 Cal 3d, 131, 775 P2d
1057, 1059 (Cal,1989) (i.e. Proposition #8). The subsequent 3-strike law was
drafted via Proposition #184 & Assembly Bill #971 and became codified in
Penal Codes 667(b)-(i) (e.g. Gov't 3-Strike Law) and 1170.12(a)-(d) (e.g. The

Voters 3-Strike Law), generally see; <u>Davis v. Woodford</u>, 446 F3d 957{,960-961

(9th Cir,2006). Petitioner raises a due process claim under breach of contract

which is governed under clearly established federal law from the U.S. Supreme

Court as pronounced in <u>Santobello v. New York</u>, 404 US 257, 262 (1971) and

<u>Mabry v. Johnson</u>, 467 US 504, 509-510 (1984).

Other federal courts has further stated that the California Supreme Court

is the finals state court which interpress statutes on breach of contract law

and plea agreements and that federal courts are so bound by its interpretation,

see; <u>Buckley v. Terhune</u>, 441 F3d 688, 694-695 (9th Cir,2006)(en banc); <u>Brown

v. Poole</u>, 337 F3d 1155, 1159-1160 (9th Cir,2003) citing <u>Ricketts v. Adamson</u>,

483 US 1, 6 n.3 (1987).

California law on contracts are governed by <u>Calif. Civil Code 1636</u> which

also encompasses plea agreements, <u>Davis</u>, <u>supra</u>, 446 F3d at 962 citing <u>People

v. Toscano</u>, 124 Cal App 4th 340, 20 Cal Rptr. 3d 923, 926 (CaliApp.Ct.2004)

and <u>People v. Gipson</u>, 117 Cal App 4th 1065, 12 Cal Rptr. 3d 478, 481 (Cal.App.

Ct.2004).

Normally, multiple strikes with considered by the state court as any felon

or defendant who has multiple counts even if it occurred within a single

indictment with a single case no#, see; <u>People v. Fuhrman</u>, 16 Cal 4th 930,

67 Cal Rptr. 2d 1, 941 P2d 1189, 1194 (Cal,1997).

The State in the instant case which includes the Judge and Prosecutor

agreed that petitioner would only be subject to a single 5-year enhancement

per <u>Penal Code 667(a)</u>; <u>Davis</u>, <u>supra</u>, 446 F3d at 962 if petitioner was to be

arrested/indicted/convicted in the future of any new serious felony which is

subject to a 5-year enhancement for each serious prior conviction brought and

tried in a separate proceeding. Below is the prior conviction which petitioner

contends is a single strike for the purposes of <u>PC 667(b)-(i)</u> & <u>1170.12</u>:

(*) <u>PC 211/Robbery (#64145)</u> _____    (Year) __1976__

4(s)

Petitioner contends the State has "breached" its pleaagreement or contract and the only remedy in this instant matter is for the court to remand for re-sentencing by requiring the subject prior conviction with multiple-counts to be counted as a single-count and (1x/strike) as concluded by the Courts, see; Davis, supra, 446 F3d at 963; Santobello, supra, 404 US at 262; and/or in the alternative allow petitioner to withdraw his plea on the prior conviction and remand for new trial.

However, since petitioner has fullfilled his "bargain"of the pleas by serving the time already, it would be in the interest of justice for judicial efficiency and economy if the State was demanded to "enforce" its bargain by counting the prior conviction PC 211/Robbery (#64145)     (Year:    1976    ) as a single-prior/conviction and remand the matter for resentencing.

Finally, petitioner request for an Evidentiary Hearing; Appointment of Counsel; and Remand for Re-Sentencing.

////

////

////

////

////

8. Did you appeal from the conviction, sentence, or commitment?    [X] Yes.    [ ] No.    If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
      (6th District) Appeals Court

   b. Result: granted & denied & remanded          c. Date of decision: Aug/2000

   d. Case number or citation of opinion, if known: #H-019394

   e. Issues raised: (1) insufficient evidence/federal robbery strike

      (2) insufficient evidence on current conviction/joyriding

      (3) motion to suppress evidence

   f. Were you represented by counsel on appeal?    [X] Yes.    [ ] No.    If yes, state the attorney's name and address, if known:

      Robert Gehring

9. Did you seek review in the California Supreme Court?    [X] Yes.    [ ] No.    If yes, give the following information:

   a. Result: denied          b. Date of decision: Oct/2000

   c. Case number or citation of opinion, if known: #S-091462

   d. Issues raised: (1) insufficient evidence on current conviction/joyriding

      (2) motion to suppress evidence

      (3)

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    The issues involved in this action are collateral matters and must be raised on habeas corpus due to no trial record on issues for appeal.

11. Administrative Review:

    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
       This matter is a habeas corpus and does not entail administrative review or exhaustion for judicial litigation of claims.

    b. Did you seek the highest level of administrative review available?    [ ] Yes.    [X] No.
       *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: N/A

   (2) Nature of proceeding (for example, "habeas corpus petition"): - - -

   (3) Issues raised: (a) - - -

   (b) - - -

   (4) Result (Attach order or explain why unavailable): - - -

   (5) Date of decision: - - -

   b. (1) Name of court: N/A

   (2) Nature of proceeding: - - -

   (3) Issues raised: (a) - - -

   (b) - - -

   (4) Result (Attach order or explain why unavailable): - - -

   (5) Date of decision: - - -

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
No hearing has been held on any of the claims being raised in this habeas matter.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
No statutory time restraints exist for attacking the constitutionality of an invalid statute or a miscarriage of justice.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

Not Applicable!..

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

No petition is pending in either the state or federal courts...

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

This court is the proper jurisdiction for adjudication of claims...

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 9 / 5 / 2006    ▶ (FREDERICK GATLIN) _Frederick Gatlin_
(SIGNATURE OF PETITIONER)

(<u>V</u>) <u>REMEDY</u> & <u>RELIEF</u>:

(*) Petitioner move the court to file and adjudicate claims based on
    the jurisdiction of the court.....

(*) Petitioner move the court to issue an Order to Show Cause
    in the interest of justice.....

(*) Petitioner move the court to Appoint Counsel or Attorney due
    to the issues being complex.....

(*) Petitioner move the court to grant an Evidentiary Hearing due
    to the factual and legal predicates being met for review.....

(*) Petitioner move the court to grant relief on the claims herein
    and remand him for resentencing and/or in the alternative to
    issue an amended Abstract of Judgement for release and to
    declare the 3-Strikes Law unconstitutional.....


I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF CALIFORNIA THAT THE
FOREGOING IS TRUE & CORRECT. THIS ACTION WAS EXECUTED ON ___9_/_5_/_2006___
AT ___VACAVILLE_____, CALIFORNIA.


                                        (x) _Frederick Gatlin_____
                                            FREDERICK GATLIN


                                 6(a)



Assembly Bill No. 971

2ND VERSION

CHAPTER 12

An act to amend Section 667 of the Penal Code, relating to sentencing, and declaring the urgency thereof, to take effect immediately.

[Approved by Governor March 7, 1994. Filed with Secretary of State March 7, 1994.]

LEGISLATIVE COUNSEL'S DIGEST

AB 971, Jones. Sentencing: prior felony convictions.

(1) Existing law, added by initiative statute, provides, among other things, that any person who is convicted of a serious felony, as defined, and who has been previously convicted of a serious felony in California, or of any offense committed in another jurisdiction which includes all of the elements of a serious felony, shall receive, in addition to the sentence imposed for the present felony, a 5-year enhancement for each prior felony conviction on charges brought and tried separately.

This bill would declare the intent of the Legislature to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.

This bill would, in addition, provide that in addition to any other enhancement or penalty provisions that may apply, (1) if a defendant has one prior felony conviction, as defined, the determinate term, or minimum term for an indeterminate term, shall be twice the term otherwise provided as punishment for the current conviction, (2) if a defendant has 2 or more prior convictions, the term for the current felony conviction shall be an indeterminate term of imprisonment in the state prison for life with a minimum term of the indeterminate term as the greatest of (a) 3 times the term otherwise provided as punishment for each current felony conviction subsequent to the 2 or more prior felony convictions, (b) imprisonment in the state prison for 25 years, or (c) the term determined by the court for the underlying conviction, including any applicable enhancement or punishment provisions.

The bill would also provide, among other things, that probation shall not be granted nor shall the execution or imposition of sentence be suspended if the defendant has a prior felony conviction.

(2) The bill would declare that it is to take effect immediately as an urgency statute.

The people of the State of California do enact as follows:

SECTION 1.   Section 667 of the Penal Code is amended to read:

— 2 —

667. (a) (1) In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

(2) This subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this subdivision to apply.

(3) The Legislature may increase the length of the enhancement of sentence provided in this subdivision by a statute passed by majority vote of each house thereof.

(4) As used in this subdivision, "serious felony" means a serious felony listed in subdivision (c) of Section 1192.7.

(5) This subdivision shall not apply to a person convicted of selling, furnishing, administering, or giving, or offering to sell, furnish, administer, or give to a minor any methamphetamine-related drug or any precursors of methamphetamine unless the prior conviction was for a serious felony described in subparagraph (24) of subdivision (c) of Section 1192.7.

(b) It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.

(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following:

(1) There shall not be an aggregate term limitation for purposes of consecutive sentencing for any subsequent felony conviction.

(2) Probation for the current offense shall not be granted, nor shall execution or imposition of the sentence be suspended for any prior offense.

(3) The length of time between the prior felony conviction and the current felony conviction shall not affect the imposition of sentence.

(4) There shall not be a commitment to any other facility other than the state prison. Diversion shall not be granted nor shall the defendant be eligible for commitment to the California Rehabilitation Center as provided in Article 2 (commencing with Section 3050) of Chapter 1 of Division 3 of the Welfare and Institutions Code.

(5) The total amount of credits awarded pursuant to Article 2.5

— 3 —

(commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison.

(6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e).

(7) If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.

(8) Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law.

(d) Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior felony conviction shall be defined as:

(1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affe..ed by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor. None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive:

(A) The suspension of imposition of judgment or sentence.

(B) The stay of execution of sentence.

(C) The commitment to the State Department of Health Services as a mentally disordered sex offender following a conviction of a felony.

(D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison.

(2) A conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

(3) A prior juvenile adjudication shall constitute a prior felony conviction for purposes of sentence enhancement if:

(A) The juvenile was 16 years of age or older at the time he or she committed the prior offense.

(B) The prior offense is listed in subdivision (b) of Section 707 of

— 4 —

the Welfare and Institutions Code or described in paragraph (1) or (2) as a felony.

(C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law.

(D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code.

(e) For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction:

(1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction.

(2) (A) If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of:

(i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions.

(ii) Imprisonment in the state prison for 25 years.

(iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046.

(B) The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other term imposed subsequent to any indeterminate term described in subparagraph (A) shall not be merged therein but shall commence at the time the person would otherwise have been released from prison.

(f) (1) Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d). The prosecuting attorney shall plead and prove each prior felony conviction except as provided in paragraph (2).

(2) The prosecuting attorney may move to dismiss or strike a prior felony conviction allegation in the furtherance of justice pursuant to Section 1385, or if there is insufficient evidence to prove the prior conviction. If upon the satisfaction of the court that there is insufficient evidence to prove the prior felony conviction, the court may dismiss or strike the allegation.

(g) Prior felony convictions shall not be used in plea bargaining as defined in subdivision (b) of Section 1192.7. The prosecution shall

— 5 —

plead and prove all known prior felony convictions and shall not enter into any agreement to strike or seek the dismissal of any prior felony conviction allegation except as provided in paragraph (2) of subdivision (f).

(h) All references to existing statutes in subdivisions (c) to (g), inclusive, are to statutes as they existed on June 30, 1993.

(i) If any provision of subdivisions (b) to (h), inclusive, or the application thereof to any person or circumstance is held invalid, that invalidity shall not affect other provisions or applications of those subdivisions which can be given effect without the invalid provision or application, and to this end the provisions of those subdivisions are severable.

(j) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors.

SEC. 2. This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are:

In order to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious or violent felony offenses, and to protect the public from the imminent threat posed by those repeat felony offenders, it is necessary that this act take effect immediately.

**MEMORANDUM**

TO:        ALL ATTORNEYS

FROM:     TERENCE HALLINAN

DATE:     April 4, 1996

RE:        Guidelines and Procedures in Three Strikes Cases

---

1.   It is the policy of this office to exercise careful discretion in the application of the Three Strikes Law.  This Office will strike a prior felony conviction in the furtherance of justice or where there is insufficient evidence to prove a prior conviction.

2)   In determining whether it is in the interest of justice to strike a prior conviction alleged under Penal Code Section 667(c), the Office will consider all available information, including the seriousness of the new offense, and the nature, circumstances and age of the prior convictions.  Absent extraordinary circumstances, it is the policy of this Office that if the new offense is not a violent felony within the meaning of Penal Code Section 667.5(c) ("violent felony") or a serious felony within the meaning of Penal Code Section 1192.7 ("serious felony"), the Three Strikes Law will not be applied.

3.   The decision to strike a prior felony conviction under the Three Strikes Law will not be used in plea bargaining.

4.   All serious or violent felony convictions will be alleged at the time of filing the new offense.  Juvenile adjudications will not be alleged.  If it is unclear at the time the new offense is charged whether a prior conviction was a serious or violent felony, documentation should be ordered and reviewed before the prior conviction is alleged as a strike.

5.   A Three Strikes Committee, chaired by the chief of the Criminal Division, will meet on a regular basis to discuss the application of this policy to each Three Strikes case charged. The Committee shall report to the District Attorney and the Chief Assistant District Attorney.  In the event the Committee cannot agree on the appropriate application of this policy to a given case, the Chair shall confer with the District Attorney or the Chief Assistant to resolve the matter.  No prior offenses may be stricken without the consent of the Committee, the District Attorney, or the Chief Assistant District Attorney.  No case may proceed to trial (or be disposed of pre-trial) as a three strikes

case without review by the District Attorney.

6.    To facilitate the application of this policy, all Three
Strikes cases should be identified on the charging sheet by
marking "3" on the upper left hand corner.  A notation will also
be made on the file tab.  At the earliest possible date after
charging and after documentation has been received on the prior
offenses, it is the responsibility of the assistant district
attorney assigned to the case to bring the matter to the
Committee for its consideration.  The responsible assistant
district attorney shall provide the Head of the Intake Unit with
a copy of the police report number and court number for every
charged Three Strikes case and shall also complete a tracking
form.  When the file is closed, the completed tracking form shall
be forwarded to the Head of the Intake Unit for compilation.

# SPECIAL DIRECTIVE 00-02

## PRELIMINARY MATTERS

All qualifying prior felony convictions shall be alleged in the pleadings pursuant to Penal Code Section 1170(d)(1). Prior to seeking dismissal of ANY strike, the prior strike case files shall be reviewed, if available, in order to fairly evaluate mitigating and aggravating factors. If it is determined that proof of a prior strike cannot be obtained or that the alleged strike is inapplicable, dismissal of the strike shall be sought after obtaining approval of the appropriate Head Deputy.

## PRESUMED THIRD STRIKE CASES

If a defendant has two or more qualifying prior felony convictions, the case is **PRESUMED** to be a Third Strike case warranting a minimum 25 years-to-life sentence when at least one of the new charged offenses is a **serious or violent felony** or is any controlled substance charge in which an additional enhancement pursuant to **HEALTH AND SAFETY CODE** Sections 11370.4 or 11379.8 is alleged.

This presumption may be rebutted. If the current offense does not involve the use or possession of a firearm or deadly weapon, injury to a victim, violence or the threat of violence, the Head Deputy may authorize seeking dismissal of a strike after consideration of all of the following:

1. Remoteness of the strikes.

2. Whether the strikes involved the use or possession of a weapon, injury to a victim, violence or the threat of violence.

3. Whether the strikes arose from one incident or transaction, and

4. Any other mitigating or aggravating factors enumerated in the California Rules of Court, Rules 421 and 423.

## PRESUMED SECOND STRIKE CASES

If a defendant has two or more qualifying prior felony convictions, the case is **PRESUMED** to be a Second Strike case if **none of the charged offenses is a serious or violent felony** or is any controlled substance charge in which an additional enhancement pursuant to **HEALTH AND SAFETY CODE** Sections 11370.4 or 11379.8 is alleged.

This presumption may be rebutted. The Head Deputy may decline to seek dismissal of a strike if the current offense involves the use or possession of a firearm or deadly weapon, injury to a victim, violence or the threat of violence.

If in the judgment of the Head Deputy, factors other than those enumerated above warrant a Third Strike sentence, that recommendation supported by a written memorandum should be referred to the appropriate Bureau Director for final decision. The memorandum should include an evaluation of the seriousness of the current crime, the facts underlying the prior convictions and the defendant's character, background and any other aggravating and mitigating factors set forth in the California Rules of Court, Rules 421 and 423.

In all instances where a case is pursued as a Second Strike case, all Penal Code Section 667.5(b) priors shall be pled and proved or admitted.

### DOCUMENTATION OF THIRD STRIKE CASES

1. The Head Deputy shall prepare a Head Deputy Third Strike Disposition report in all Third Strike Cases.

2. This report shall be prepared in every case in which the pleadings at any stage of the proceedings allege two or more strikes against a defendant.

3. The original report shall be placed in the District Attorney case file. A copy shall be sent to the appropriate Bureau Director within five days after the case is concluded. A file of all Third Strike Disposition Reports shall be maintained in the office of the Head Deputy.

4. If a Head Deputy authorizes dismissal of a strike in a presumed Third Strike case, the traditional Disposition Report shall discuss the applicability of the factors set forth in this Special Directive.

5. If a Head Deputy authorizes prosecution as a Third Strike case in a presumed Second Strike case, the traditional Disposition Report shall discuss the applicability of the factors set forth in this Special Directive.

### SECOND STRIKE CASES

In a case with only one qualifying strike, the Head Deputy may authorize

seeking the dismissal of a strike in the interests of justice and agree to an appropriate prison or probationary sentence **ONLY** when:

1. The current offense is not a serious or violent felony; and

2. The strike offense occurred more than 10 years ago; and

3. The strike offense did not involve the use or possession of a firearm or deadly weapon, injury to a victim, violence or the threat of violence; and

4. There exist mitigating factors enumerated in the California Rules of Court, Rules 421 and 423.

Whenever a Head Deputy authorizes seeking the dismissal of a strike pursuant

to this section, a traditional Disposition Report shall be prepared.

## CASE SETTLEMENT

The decision of whether or not to seek dismissal of a strike SHALL be made at the earliest practicable stage. Once that decision is made, it shall be promptly communicated to the court and defense counsel. This procedure shall be followed even if a defendant chooses to proceed to trial.

**oOo**

# MEMORANDUM

TO:                    ALL HEAD DEPUTIES AND DEPUTIES-IN-CHARGE

FROM:                  STEVE COOLEY
                       District Attorney

SUBJECT:               **CLARIFICATION OF THREE STRIKES POLICY (SD 00-02)**

DATE:                  MARCH 29, 2001


Implementation of the new Three Strikes Policy (SD 00-02) is currently being evaluated to effect uniform application throughout our office. Please keep in mind that the purpose of the new policy is to avoid disproportionately harsh sentences for relatively minor crimes while ensuring that habitual criminal offenders receive longer prison sentences. The following should provide guidance.

The phrase "serious or violent felony" in the new Three Strikes Policy refers to the crimes listed in Penal Code Sections 667.5(c) and 1192.7(c).

In all strike cases, including Presumed Third Strike, Presumed Second Strike and Second Strike cases, Head Deputy approval is required before a deputy may move to dismiss any prior strike(s).

## I.  PRESUMED THIRD STRIKE CASES

When a deputy seeks to have one or more prior strike convictions dismissed by the trial court in a Presumed Third Strike case, Bureau Director approval is **not** required. However, submission of a Head Deputy Three Strikes Disposition Report and a traditional Disposition Report to the appropriate Bureau Director is required after the case has concluded.

## II.  PRESUMED SECOND STRIKE CASES

A Presumed Second Strike case is **every** case in which a defendant has two or more prior strike convictions and the current charges, regardless of the underlying circumstances, do **not** include any serious or violent felonies under Penal Code Sections 667.5(c) or 1192.7(c), or any drug charges with weight enhancements. You should carefully review every Presumed Second Strike case to determine whether or not it should be prosecuted as a Third Strike case.

Without exception, your intention to prosecute any Presumed Second Strike case as a Third Strike case requires prior Bureau Director approval. To obtain such approval, a written memorandum setting forth the Head Deputy's reasons shall be submitted to the appropriate Bureau Director. As

indicated in SD 00-02, the Head Deputy's recommendation shall provide factual detail as to the seriousness of the current crime; the circumstances underlying all of the defendant's prior strikes; the defendant's character and background, including prior criminal conduct; and any aggravating or mitigating factors in California Rules of Court, Rules 4.421 and 4.423. The Director shall then decide whether or not the case will be prosecuted as a Third Strike case.

### A.     Sentence Recommendations in Presumed Second Strike Cases

The appropriate sentence recommendation (low, middle or high term, plus enhancements, including those for prior prison terms) in a Presumed Second Strike case is determined by using the same criteria as in any other criminal case. Such sentence recommendations should **not** automatically be high term because one or more prior strike convictions have been stricken. However, any stricken prior conviction(s) may be considered in fashioning an appropriate sentence recommendation and may often justify a maximum sentence.

### B.     Timing of Request to Dismiss Prior Strike Conviction(s) in Presumed Second Strike Cases

In all Presumed Second Strike cases, the intent to move to dismiss one or more strikes and seek a more proportionate second strike sentence shall be **communicated** to the defense and the court at the earliest practicable stage. However, when a defendant wishes to proceed to trial and does not admit the strike priors, deputies may prove all of the strike priors and move the court to dismiss all but one of them after a guilty verdict. This procedure is intended to avoid situations where prior strikes are dismissed before trial and the remaining strike ultimately cannot be proven.

## III. SECOND STRIKE CASES

In all Second Strike cases, a Head Deputy may authorize seeking dismissal of the sole, prior strike conviction at any time during the proceedings, but only when:

1. the current offense is not a serious or violent felony; the prior strike conviction date was more than 10 years ago; the prior strike did not involve the use or possession of a firearm or deadly weapon; and the prior strike did not involve actual physical injury to a victim;

or

2. there are **substantial** mitigating factors as set forth in California Rules of Court, Rule 4.423.

In making this decision, a Head Deputy need not seek Bureau Director approval. However, whenever a Head Deputy authorizes seeking the dismissal of a strike in a Second Strike case, the

Head Deputy shall prepare a traditional Disposition Report at the conclusion of the case and submit it to the appropriate Bureau Director.

Second Strike cases rarely result in disproportionate sentences. Therefore, a defendant with a prior strike conviction should receive an increase in punishment compared to a defendant without a prior strike conviction.

### A.   Sentence Recommendations in Second Strike Cases

The appropriate sentence recommendation (low, middle or high term, plus enhancements, including those for prior prison terms) in a Second Strike case is determined by using the same criteria as in any other criminal case. Such sentence recommendations should **not** automatically be high term because the prior strike conviction was stricken. However, the stricken prior conviction may be considered in fashioning an appropriate sentence recommendation and may often justify a maximum sentence.

sgh/jl

---

S    E    R    V    I    C    E

---

IN RE: ) #_____

FREDERICK GATLIN )   CERTIFICATE OF SERVICE  **FILED**

ON WRIT OF HABEAS CORPUS )

SEP 2 8 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
By _____ Deputy
S. Chua

I certify that I am over the age of (18) and that I am a party to this course of action. I certify that I deposited a copy of this (HABEAS CORPUS) in the U.S. Mail at _____Vacaville_____, California.

Clerk of the Court

Santa Clara County Superior Ct.

191 N. First Street

San Jose, CA 95113

Office of Attorney General

County of Santa Clara

50 Fremont Street, #300

San Francisco, CA 94105

I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT. THIS SERVICE WAS EXECUTED ON 9 /5 / 2006 AT ___VACAVILLE___, CALIFORNIA.

(X) _Frederick Gatlin_
FREDERICK GATLIN

1   Frederick Gatlin (P#19908)

2   Calif. Medical Facility (I-141)

3   P.O. Box 2000

4   Vacaville, CA 95696-2000

# FILED

SEP 2 8 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
By _____ Deputy
S. Chua

8                                   State Superior Court

9                                   County of Santa Clara

10

11                        ) #    199164

12  IN RE FREDERICK GATLIN    ) NOTICE OF MOTION

13          Petitioner        ) *PETITIONER MOVE COURT FOR
                              )  AN ORDER TO SHOW CAUSE
14          -v-               )

15  ON PETITION OF HABEAS CORPUS ) *PETITIONER MOVE COURT FOR
                              )  APPOINTMENT OF COUNSEL
16          Respondent        )

17                            )

18

19  TO THE HONORABLE JUDGE OR JUSTICE OF THE COURT FOR THE

20  STATE OF CALIFORNIA:

21              ==========OO==========

22      Petitioner move the court to take "judicial notice" pur-

23  suant to Calif. Evidence Code 450-459; Alvarado v. Superior

24  Court, 23 Cal 4th 1121, 1151 (Cal,2000) and Fed.R.Evid. 201;

25  Florida v. Riley, 488 US 445, 465 (1989) of the accompanying

26  Petition for Writ of Habeas Corpus filed under the authority

27  Calif. Const., Art 6, Sec 10; Penal Code 1473-1505; and

28  People v. Gonzales, 51 Cal 3d 1179, 1260 (Cal,1990) in that

PAGE: 1

1   petitioner has established the "factual" & "legal" predicates

2   within his habeas action to issue an (ORDER TO SHOW CAUSE)

3   as pronounced in People v. Romero, 8 Cal 4th 728, 739

4   (Cal,1994) quoting In re Sixto, 48 Cal 3d 1247, 1251-1252

5   (Cal,1989).

6       Furthermore, petitioner is filing a "successive petition"

7   to correct a fundamental miscarriage of justice because he

8   is convicted under an "invalid statute" which is unconstitu-

9   tional and the court has the authority & power to hear said

10  petition due to the petition not being barred by time limits

11  or successive actions when the petitioner is challenging an

12  invalid statute which is the case here, see; In re Robbins,

13  18 Cal 4th 770, 780-781 (Cal,1998) citing In re Clark, 5 Cal

14  4th 750, 797-798 (Cal,1993) and quoting Coleman v. Thompson,

15  501 US 722, 749-750 (1991).

16      In the interest of justice, petitioner in addendum ask

17  this Noble Court to (APPOINT COUNSEL) due to the complexity

18  of the issues being raised challenging the constitutionality

19  of the 3-Strikes Law Penal Code(s) 667(b)-(i) & 1170.12(a)-

20  (d) in which a favorable ruling could effect thousands of

21  cases, see; People v. Barton, 21 Cal 3d 513, 519 n.3 (Cal,

22  1978) and People v. Rodriguez, 17 Cal 4th 253, 257-260

23  (Cal,1998).

24  ///

25  ///

26  ///

27  ///

28  ///

CONCLUSION

    Petitioner move this Humble Court to forthwidth issue an ("ORDER TO SHOW CAUSE") and to ("APPOINT COUNSEL") in the interest of justice to facilitate and expedite case. A miscarriage of justice is being alleged, petitioner prays that the Court grant the relief and remedies cited herein.

///

///

///

///

I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF CALIFORNIA THAT THE FOREGOING IS TRUE. THIS MOTION WAS EXECUTED ON

9 / 5 / 2006   AT   VACAVILLE           , CALIFORNIA.


(x) _Frederick Gatlin_
    FREDERICK GATLIN