1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PAMELA K. CRITCHFIELD
   Deputy Attorney General
5  JULIET B. HALEY, State Bar No. 162823
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5960
    Fax:  (415) 703-1234
8   Email:  Juliet.Haley@doj.ca.gov

9  Attorneys for Respondent

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                     OAKLAND DIVISION

---

13

14  **FREDERICK GATLIN,**                    C 07-03696 CW (PR)

15                          Petitioner,      **REPLY TO PETITIONER'S**
                                             **OPPOSITION TO**
16       **v.**                              **RESPONDENT'S MOTION**
                                             **TO DISMISS**
17  **JAMES TILTON,**

18                          Respondent.

---

19                        **INTRODUCTION**

20          Petitioner was convicted in state court approximately  nine years ago.  Seven years ago

21  his direct appeal concluded and his state court judgment became final.  Six years after finality

22  petitioner began collaterally attacking his state court judgment.  The California Supreme Court

23  found the collateral attack to be untimely.  Pet. Exh. B1.  Most recently, petitioner filed a habeas

24  petition in this Court challenging his conviction on the basis that California's Three Strikes law is

25  unconstitutional and that there was insufficient evidence to support a finding that petitioner's prior

26  convictions were true.  Pet. at 5-6.  Respondent has filed a motion To Dismiss Petition For Writ Of

27  Habeas Corpus As Untimely (hereafter "Motion to Dismiss").  *See* 28 U.S.C. § 2244(d)(1).

28  Petitioner has filed an opposition to the motion, arguing that he is entitled to more than six years of

equitable tolling due to his "mental condition" and "serious medical problems." This is our reply.

## I.

### THE PETITION IS UNTIMELY AND NOT SAVED BY EQUITABLE TOLLING

Under the AEDPA, there is a one-year limitations period for filing federal habeas petitions once a state conviction becomes final. 28 U.S.C. 2244(d)(1). Petitioner does not contend his petition was in fact timely, but rather that it should be deemed timely by principles of equitable tolling. Petitioner fails to show equitable tolling is warranted.

A habeas petitioner seeking equitable tolling bears the burden of showing entitlement to it. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). In this Circuit, equitable tolling is warranted only for extraordinary circumstances beyond the petitioner's control that make it impossible to file a timely federal habeas petition. *Fail v. Hubbard*, 315 F.3d 1059, 1061-62 (9th Cir. 2002); *Frye v. Hickman*, 258 F.3d 1036, 1038 (9th Cir. 2001); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).[1] Such extraordinary circumstances must be the proximate cause of his untimeliness. *Stillman v. Lamarque*, 319 F.3d 1199 (9th Cir. 2003); *see Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d at 1066. Equitable tolling is thus "unavailable in most cases." *Miles v. Prunty*, 187 F.3d

---

1. *Pace v. DiGuglielmo,* 544 U.S. 408, did not alter the burden on a habeas petitioner who seeks equitable tolling to show that some extraordinary circumstance made it "impossible to file a petition on time." In *Espinoza-Matthews v. California,* 432 F.3d 1021, 1026 n. 5 (9th Cir. 2005), the Ninth Circuit court observed that in *Pace* "the Supreme Court had framed the equitable tolling standard in less absolute terms" than "impossible to file a petition on time," it declined to decide whether "*Pace* has lowered the bar somewhat." Since *Espinoza-Matthews,* the court has continued to adhere to the "impossible to file a petition on time" standard. *See, e.g., Roy v. Lampert,* 465 F.3d 964, 2006 WL 2708608 (9th Cir. 2006) ("Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." (internal quotation marks and citation omitted)).

1   at 1107. "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging

2   prompt filings in federal court in order to protect the federal system from being forced to hear stale

3   claims.' " *Mendoza v. Carey,* 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting *Guillory v. Roe,* 329

4   F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted)).

5        Mental incompetency, if shown, may provide grounds for equitable tolling.  *Laws v.*

6   *Lamarque*, 351 F.3d 919 (9th Cir. 2003); *Calderon v. District Court (Kelly)*, 163 F.3d 530, 541 (9th

7   Cir. 1998) (en banc), abrogated on other grounds by *Woodford v. Garceau*, 538 U.S. 202 (2003).

8   However, where an equitable tolling claim is based on alleged mental incapacity, the Ninth Circuit

9   has required a threshold showing of incompetence sufficient to give rise to "a genuine basis for

10  concern" as to the petitioner's ability to assist in the preparation of his habeas petition. *Id.*  Stated

11  differently, a showing of mental illness alone will not toll the limitation period.  In order to

12  overcome the limitation barrier, petitioner must show that mental illness rendered him incapable of

13  filing a habeas petition before the limitation period expired. *See id.; accord Rhodes v. Senkowski*,

14  82 F.Supp.2d 160, 169-70 (S.D.N.Y.2000) (prisoner must show that medical/mental problems

15  rendered him unable to pursue his legal rights during relevant time period); *Shafer v. Knowles* 2003

16  WL 22127878, *2 (N.D.Cal. 2003); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001); *Austin v.*

17  *Ramirez-Palmer,* 2001 WL 1167553 at *2 (N.D. Cal. 2001) (habeas petitioner must allege more than

18  the mere existence of physical or mental ailments and must show that his illness in fact prevented

19  him from understanding his legal rights and acting upon them).

20        Thus, it follows that a petitioner must allege more than the mere existence of physical or

21  mental ailments to invoke the equitable tolling of the AEDPA's statute of limitations. "Instead, a

22  habeas petitioner has the burden of showing that mental health problems rendered him or her *unable*

23  to file a habeas petition during the one year limitations period." *Brown v. McKee*, 232 F. Supp. 2d

24  767-68 (E.D. Mich. 2002)(emphasis added); *accord Laws*, 351 F.3d 919; *Rhodes v. Senkowski*, 82

25  F. Supp. 2d 160, 173 (S.D.N.Y. 2000).  In other words, "a mental condition that burdens but does

26  not prevent a prisoner from filing a timely petition does not constitute 'extraordinary circumstances'

27  justifying equitable tolling." *United States v. Harris*, 268 F. Supp. 2d 500, 506-07 (E.D. Penn. 2003).

28  This makes sense, for as several courts have observed, most mental illnesses are treatable, and with

1 | proper treatment, many if not most sufferers are capable of managing their own affairs. *Miller v.*

2 | *Runyon*, 77 F.3d 189, 192 (7th Cir.), cert. denied, 519 U.S. 937 (1996).

3 |     In sum, petitioner must show that the alleged incompetence *caused* his untimeliness, i.e.,

4 | made it "impossible" for him to file a timely petition. *Laws v. Lamarque*, 351 F.3d 919, 922 ; *Fail*

5 | *v. Hubbard*, 315 F.3d at 1061-62; *Nara*, 264 F.3d at 320; *Brown v. McKee*, 232 F. Supp. 2d at 767-

6 | 68; *Rhodes*, 82 F. Supp. 2d at 173; *United States v. Harris*, 268 F. Supp. 2d at 506-07.

7 |     Petitioner has failed to meet these standards.   Petitioner's basis for equitable tolling is

8 | as follows: "petitioner's mental and physical health issues, resulting in his incompetency, excuses

9 | his late filing under the principles of equitable tolling." Opp. at 3.  An examination of the record

10 | refutes any such conclusion.

11 |     Petitioner correctly appreciates that the relevant time frame is between January 19, 2001

12 | when his state conviction became final, until his first state habeas petition was filed in September

13 | 28, 2006.  Petitioner contends that "from 2001 until 2004, petitioner was under numerous

14 | psychotropic medications, (Pet. Exh. C) due to his suffering from hallucinations and delusions that

15 | affected his ability to sleep, eat and/or rational thought patterns that substantially contributed to his

16 | inability to recognize and/or understand his obligations relating to the AEDPA."  Opp. at 6

17 | Thereafter, he contends that "[i]n the year 2004, petitioner stopped taking his psychotropic

18 | medication so he could be treated with Alfa Inteferon and Ribabvarin in order to treat his Hepatitus

19 | C, which was at grade 2, stage 2-3."  Opp. at 6.  Petitioner contends that he did not tolerate the

20 | medicine well and at the end of August 2004 suffered from "chest pains, painful, swelling and

21 | shaking hands, vomiting and coughing-up blood, blood in stool, fatigue, which effectively hindered

22 | or prohibited his ability [sic] acknowlege and understand his legal oblibations [sic] pursuant to the

23 | AEDPA."  Opp. at 6.  Petitioner also, however, admits that he had never attempted to prepare his

24 | own pleadings and instead has relied on other inmates for legal assistance.  Opp. at 6-7.

25 |     In support of these allegations, petitioner attaches several exhibits. First, a Psychological

26 | Evaluation conducted in 1998, wherein the evaluator found that he did suffer from antisocial

27 | personality disorder, schoizotypal personality disorder, and paranoid and narcissistic personality

28 | disorder.  Exh. A, at 9.  However, the evaluator also noted that his disorders do "not manifest in

1  florid and sustained auditory hallucinations or delusions." *Id.* Notably absent is any assessment of

2  his condition when treated with the appropriate anti-psychotic medications he admits receiving from

3  2001 until 2004.  As stated above,  most mental illnesses are treatable, and with proper treatment,

4  many if not most sufferers are capable of managing their own affairs.  *Miller v. Runyon*, 77 F.3d

5  189, 192.   The record indicates that apart from the eight months in 2004, petitioner was given the

6  proper anti-psychotic medication and, when medically compliant, suffered no side effects from the

7  anti-psychotic medication.  *See* Exh. B.  (treatment notes).  In fact, the treatment notes from June

8  5, 2002, indicate that the evaluators assessment of petitioner is that he was not suffering "much

9  problem psychiatrically."  *Id.*  And significantly, it is repeatedly noted that there did  not appear to

10  be any side effects from any of the medications he was taking.  *Id.*  In addition, despite petitioner's

11  assertion to the contrary, his appetite was clearly intact, as weight gains are noted in several of the

12  assessments  during  the  relevant  time.   Significant  too,  his   evaluation  and  treatment  plan  dated

13  January 15, 2003, states  that petitioner has "no acute symptoms at this time."   Petitioner's case

14  manager note, dated March 25, 2003, includes  the assessment that "I.M. sounds rational and

15  coherent.  He denies any current issues."

16          Two additional observations are  worth stating.  First, petitioner admits that he was found

17  to be competent during his trial, despite suffering from the same mental illness he suffers from  now.

18  In other words, there has been a determination that his mental illness did not render him legally

19  incompetent.  Second, petitioner has failed to account for the fact that he presumably still suffers

20  from the same mental illness he has had over the last decade, yet was able to file a federal habeas

21  petition while purportedly suffering from under the same conditions he relies in support of tolling.

22  In other words he has failed to explain why his mental condition precluded him from obtaining the

23  assistance of  an inmate from 2001 through 2006, but not thereafter.

24          In short, while petitioner has established that he has a history of mental illness, he was

25  deemed competent to stand trial and has failed to present any document  identifying  much less

26  establishing how his  mental illness, or the medication for that illness rendered him incompetent to

27  file a habeas petition on time.

28          Petitioner's record stands in stark contrast to those petitioners that  courts have concluded

Reply To Petitioner's Opposition To Respondent's Motion To Dismiss - C 07-03696 CW (PR)

did warrant equitable tolling.  In *Kelly*, the petitioner's serious mental problems were documented in a report listing extensive behavioral manifestations of the petitioner's mental illnesses as well as a  psychiatrist's conclusion that the severity of the petitioner's mental disorder precluded his capacity to appreciate his current legal position and make rational choices with respect to court proceedings. *See Kelly*, 163 F.3d at 541.

Likewise, the record before this Court stands in contrast to the record in *Laws*.  In *Laws v. Lamarque*, the Ninth Circuit remanded an equitable tolling claim based on alleged mental incompetence for further factual development.  In that case, the record indicated that prior to trial, the state court expressed doubt as to Laws' competency and  ordered that he be evaluated pursuant to California Penal Code 1368.  Three psychiatrists and two psychologists conducted reports and submitted conflicting opinions regarding Laws' competency to stand trial. The court found Laws "for the present at least" competent.  Laws was convicted and his appeals were denied.  Laws filed state habeas petitions attaching his medical records to document that the reason for his delay was attributable to "medication which deprived [Laws] of any kind of consciousness."  These petitions were summarily denied.  In federal court, Laws submitted his Traverse wherein he argued that his "psychotic d[y]sfunction" precluded his timely filing.  Attached to the Traverse were his verified state petition, including his psychiatric and medical records from 1993-1994, the time just before his state trial.  His request for equitable tolling was denied on the record.  The Ninth Circuit, although acknowledging that Laws had not presented any evidence regarding his competency for the period during which the statute of limitations began and the time he filed his untimely federal habeas petition, concluded that it was error not to further develop the record.  The court reached this conclusion because Laws' allegation of incompetency was left unrebutted by the government and the only evidence in the record on the question of competency established "circumstances consistent with petitioner's petition ... under which he would be entitled to a finding of an 'impediment' under [28 U.S.C.] §2244(d)(1)(B) or to equitable tolling" for further factual development to be required. *Whalen/Hunt*, 233 F.3d at [1146]1148 (9th Cir. 2000)(en banc)."  The court made clear, however, that further development was required because of the paucity of the record before it and that "a petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified

1   should counterveiling evidence be introduced." *Laws*, at 924.  We have challenged the sufficiency

2   of that evidence.

3           In sum, state records  reflect that petitioner has a history of episodes of a mental illness.

4   Unfortunately for him, that is all they show. They do not show that mental illness or any other

5   disability rendered him incapable of filing a habeas petition before the limitation period expired.

6   His moving papers also lack any explanation, let alone a prima facie showing, of causation:  how

7   or why his alleged incompetence rendered it "impossible" for him to file a timely petition during the

8   relevant time period.  *See Fail v. Hubbard*, 315 F.3d at 1061-62.  And any such bare allegation he

9   might make in this regard is clearly refuted by his medical files and other state prison records. For

10  these reasons, he is not entitled to equitable tolling and his untimely petition should be dismissed.

11  For the same reasons his request for counsel and an evidentiary hearing should be denied.  *Laws v.*

12  *Lamarque,*351 F.3d 919 (factual development not warranted if allegations are rebutted); *Baumann*

13  *v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (no evidentiary hearing required where

14  petitioner's allegations, viewed against the record, are palpably incredible or patently frivolous or

15  false); *Williams v. Woodford*, 306 F.3d 665, 686 (9th Cir. 1992) (unsworn, conclusory allegations

16  unsupported by specific proof do not provide basis for evidentiary hearing).

17  ///

18  ///

19  ///

20

21

22

23

24

25

26

27

28

Reply To Petitioner's Opposition To Respondent's Motion To Dismiss - C 07-03696 CW (PR)

1

**CONCLUSION**

2

For the above stated reasons, the petition should be dismissed as untimely.

3

Dated:  January 10, 2008

4

5

Respectfully submitted,

6

EDMUND G. BROWN JR.
Attorney General of the State of California

7

DANE R. GILLETTE
Chief Assistant Attorney General

8

GERALD A. ENGLER
Senior Assistant Attorney General

9

PAMELA K. CRITCHFIELD
Deputy Attorney General

10

11

/s/ Juliet B. Haley

12

JULIET B. HALEY
Deputy Attorney General

13

14

Attorneys for Respondent

15

JBH:jw

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply To Petitioner's Opposition To Respondent's Motion To Dismiss - C 07-03696 CW (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Frederick Gatlin v. James Tilton**

No.:   **C 07-03696 CW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>January 10, 2008,</u> I served the attached

**REPLY TO PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Frederick Gatlin**
**P-19908**
**California Medical Facility**
**P-141-L**
**P.O. Box 2000**
**Vacaville, CA 95696-2000**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 10, 2008, at San Francisco, California.

|  |  |
|---|---|
| J. Wong | |
| Declarant | Signature |

40204460.wpd