UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK GATLIN,<br><br>    Petitioner,<br><br>        v.<br><br>JAMES TILTON, SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Respondent. | Case No. 07cv3696-CW<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

    Petitioner was convicted of vehicle theft and, based upon two prior robbery convictions, sentenced to twenty-five years to life pursuant to California's Three Strikes Law. (Doc. No. 11 at 1.) The merits of his federal habeas petition, (Doc. No. 1), are presently before the Court.

    Petitioner's first argument is that the evidence of Petitioner's prior robbery convictions was insufficient to support a sentence pursuant to the Three Strikes Law. (Id. at 10-11.) However, as Petitioner acknowledges, the trial court had before it the abstract of judgment of Petitioner's prior robbery convictions, (Resp't's Ex. A at Augmentation 46-48), which

1 established the convictions. (Doc. No. 1 at 11.) Robbery
2 convictions always constitute strikes pursuant to the Three
3 Strikes Law, regardless of the facts underlying the convictions.
4 See Cal. Penal Code §§ 667; 1192.7(c)(19). Accordingly, the
5 evidence of Petitioner's two prior robbery convictions
6 conclusively demonstrated that Petitioner was subject to
7 sentencing pursuant to the Three Strikes Law.

8     Next, Petitioner challenges the constitutionality of the
9 Three Strikes Law. (Doc. No. 1 at 12-24.) Petitioner's claims
10 lack merit. Recidivist statutes such as the Three Strikes Law
11 comport with the constitutional guarantee of equal protection of
12 the laws. See Oyler v. Boles, 368 U.S. 448 (1962); Jackson v.
13 Nelson, 435 F.2d 553 (9th Cir. 1971). The Three Strikes Law was
14 properly enacted as urgency legislation under the California
15 Constitution and therefore accords with due process. People v.
16 Green, 58 Cal. App. 4th 1076, 1088-89 (1996). The Three Strikes
17 Law does not violate the Double Jeopardy Clause. Monge v.
18 California, 524 U.S. 721 (1998). The application of the Three
19 Strikes Law to Petitioner, in light of his conviction for vehicle
20 theft and prior convictions for robbery, does not constitute
21 cruel and unusual punishment. See Lockyer v. Andrade, 538 U.S.
22 63 (2003); Ewing v. California, 538 U.S. 11 (2003). Accordingly,
23 California's Three Strikes Law, both on its face and as applied
24 to Petitioner, is constitutional.

25     Petitioner's next argument is that the use of his prior
26 robbery convictions to enhance his current sentence constituted a
27 breach of the plea agreement that had resulted in the prior
28 convictions because he was told at the time that the two

convictions would be counted as one strike, not two.  (Doc. No. 1 at 25-27.)  The Court has carefully reviewed the record and finds that there is no evidence of an agreement that Petitioner's robbery convictions would be counted as one strike.  Accordingly, the use of the prior convictions as two strikes did not violate Petitioner's plea agreement.

Finally, Petitioner asserts that his sentence is invalid because a judge rather than a jury found that he had suffered prior convictions.  (Id. at 28.)  However, Petitioner waived his right to a jury trial as to whether he had prior convictions.  (Resp't's Ex. A at 183.)  Petitioner's sentence is valid.

Accordingly, and good cause appearing therefor, the Court denies Petitioner's Petition for a Writ of Habeas Corpus and declines to issue a certificate of appealability.  The Clerk of the Court shall enter judgment in favor of Respondent and shall close the file.

IT IS SO ORDERED.

DATED:   2/2/12

CLAUDIA WILKEN
United States District Judge